889 A.2d 1079 (2006)
382 N.J. Super. 454
Barry PARKER, Carlton Goss, Russell Wilson, Patrick Jackson and Willard Isabel, Plaintiffs-Appellants,
v.
CITY OF TRENTON, a municipality of the State of New Jersey, Brandino Cacallori, William Mitchell, Ronald Lind and John Martin, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 2005.
Decided January 26, 2006.
*1080 John E. MacDonald, Lawrenceville, argued the cause for appellants (Stark & Stark, attorneys; Mr. MacDonald, of counsel; Mr. MacDonald, Michael Osborne and E. David Krulewicz, on the brief).
Stephen E. Trimboli, Morristown, argued the cause for respondent City of Trenton (Laufer, Knapp, Torzewski & Dalena, attorneys; Mr. Trimboli, of counsel; Mr. Trimboli and James T. Prusinowski, on the brief).
Joseph T. Ciampoli, Voorhees, argued the cause for respondents William Mitchell, Ronald Lind and John Martin (Kenney & Kearney, attorneys; they rely on brief submitted on behalf of respondent City of Trenton).
City of Trenton Law Department, R. Denise Lyles, City Attorney for respondent (Brandino Cacallori, rely on brief submitted on behalf of respondent City of Trenton).
Before Judges STERN, FALL and GRALL.
The opinion of the court was delivered by
STERN, P.J.A.D.
Plaintiffs appeal from an order of August 27, 2004 denying reconsideration of a June 2, 2004 order dismissing counts one through four of their complaint alleging violations of the New Jersey Law Against Discrimination by their employer, Trenton Water Works. Plaintiffs alleged racial discrimination based on (1) failure to promote, (2) disparate treatment, (3) hostile work environment, and (4) unlawful aiding and abetting liability by the individual defendants. In an amended complaint the plaintiffs further asserted (5) retaliation against plaintiffs by virtue of the filing of the complaint, and (6) spoliation of evidence by destroying a "hangman's noose" and "white cross" which had allegedly been displayed in retaliation for the suit. Plaintiffs assert that summary judgment was improperly granted on the failure to promote, disparate treatment, hostile work environment and aider and abettor liability counts.
We dismiss the appeal as interlocutory.[1]See R. 2:5-6. See also R. 2:2-4. Counts five and six of the complaint remain pending for trial.
At the argument before us, plaintiffs noted that defendants' prior motion to dismiss the appeal, filed shortly after the appeal was filed, had been denied. We have obtained and reviewed that motion, and conclude that, in the absence of an order or statement granting leave to appeal nunc pro tunc (which plaintiffs never *1081 sought), the denial of the motion to dismiss merely preserved the issue for later review in the context of the plenary appeal.
We note that plaintiffs argued in the motion papers that if the appeal is not decided before trial on the surviving counts, they will be "prejudiced if they are forced to try their claims for retaliation without being able to introduce evidence and testimony concerning the harassment and other discriminatory behavior which occurred at Trenton Water Works." However, we have reviewed the trial judge's oral decision of May 12, 2004, and find no suggestion that evidence of the alleged discrimination cannot be introduced to explain the reasons for the alleged retaliation and spoliation. To the contrary, the evidence is relevant to the surviving claims. See N.J.R.E. 402; Rosenblit v. Zimmerman, 166 N.J. 391, 409-10, 766 A.2d 749 (2001); Kluczyk v. Tropicana Prods., 368 N.J.Super. 479, 492-94, 500, 847 A.2d 23 (App.Div.2004) (noting that "the evidence overlapped and proof of the harassment claim was necessary to show why defendants retaliated"). As a result, our review of the record presented on the appeal convinces us that the appeal should be dismissed.
We recognize the existence of cases like Caggiano v. Fontoura, 354 N.J.Super. 111, 125, 804 A.2d 1193 (App.Div.2002), in which leave to appeal has been granted nunc pro tunc in similar circumstances. However, if we treat every interlocutory appeal on the merits just because it is fully briefed, there will be no adherence to the Rules, and parties will not feel there is a need to seek leave to appeal from interlocutory orders. At a time when this court struggles to decide over 7,000 appeals a year in a timely manner, it should not be presented with piecemeal litigation and should be reviewing interlocutory determinations only when they genuinely warrant pretrial review. See State v. Reldan, 100 N.J. 187, 205, 495 A.2d 76 (1985); State v. Alfano, 305 N.J.Super. 178, 190-92, 701 A.2d 1296 (App.Div.1997).
It may well be that this case will have to be tried twice if the partial summary judgment is ultimately reversed, but that is true of many cases involving grants of partial summary judgment. We do not perceive that this trial will be especially time-consuming or costly.
The appeal is dismissed.
NOTES
[1] The notice of appeal stated that the order was "certified as final pursuant to R. 4:42-2." There is no present contention that the matter could have been certified as final. See R. 4:42-2. In fact, no certification was ever entered, and there is no judgment which can be enforced pursuant to R. 4:59.