938 A.2d 166 (2008)
397 N.J. Super. 516
Erica D. VITANZA, Plaintiff-Respondent
v.
Sam H. JAMES, Jr., a/k/a Samuel James, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 12, 2007.
Decided January 9, 2008.
John Marmaras, for appellant.
Thaniel J. Beinert, Brooklyn, NY, for respondent.
Before Judges STERN, COLLESTER and C.L. MINIMAN.
The opinion of the court was delivered by
STERN, P.J.A.D.
Defendant appeals from an order granting summary judgment to plaintiff on liability and denying defendant's motion to dismiss plaintiff's complaint which alleged libel and slander by defendant. However, leave to appeal was neither sought nor obtained.[1] Accordingly, we dismiss the appeal.
We may grant leave to appeal from interlocutory orders, including those granting partial summary judgment, "in the interest of justice." R. 2:2-4. The grant of interlocutory review is "highly discretionary" and "customarily exercised only sparingly," State v. Reldan, 100 N.J. 187, 205, 495 A.2d 76 (1985); see also Moon v. Warren Haven Nursing Home, 182 N.J. 507, 513, 867 A.2d 1174 (2005); State v. Alfano, 305 N.J.Super. 178, 190-91, 701 A.2d 1296 (App.Div.1997). Appeals from interlocutory orders are permitted as of right only when the Rules expressly permit them. See R. 2:2-3.[2] A limited *168 number of specific types of orders, arguably final in nature, have also been treated as final for specific reasons of policy. See Moon v. Warren Haven Nursing Home, supra, 182 N.J. at 517-18, 867 A.2d 1174;[3] Pressler, Current N.J. Court Rules, comment R. 2:2-3 (Gann). Otherwise (and except where there is a double jeopardy consequence in a criminal case, see State v. Alfano, supra), there is strong policy against piecemeal review and interruption of the orderly processing of cases to disposition in the trial courts. Pressler, Current N.J. Court Rules, comment to R. 2:2-3. Thus, interlocutory orders may be challenged when final judgment is entered, and to be appealable, as of right, a matter must be resolved in the trial court as to all issues and all parties. Ibid. (citing e.g. Parker v. City of Trenton, 382 N.J.Super. 454, 457, 889 A.2d 1079 (App.Div.2006); Mango v. Pierce-Coombs, 370 N.J.Super. 239, 245, n. 1, 851 A.2d 62 (App.Div.2004); Caggiano v. Fontoura, 354 N.J.Super. 111, 123, 804 A.2d 1193 (App.Div.2002)).
We have recently reminded the bar that while certification pursuant to R. 4:42-2 constitutes an appealable order as of right, the order must be properly certifiable, and if not, the appeal shall be dismissed. See Janicky v. Point Bay Fuel, Inc., 396 N.J.Super. 545, 935 A.2d 803 (App.Div.2007). As Judge Skillman stated therein:
Under R. 2:2-3(a)(1), an appeal as of right may be taken to the Appellate Division only from a "final judgment." To be a final judgment, an order generally must "dispose of all claims against all parties." "This rule, commonly referred to as the final judgment rule, reflects the view that `piecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice.'"
[Id. at 549-50, 935 A.2d 803 (internal citations omitted).]
The Janicky panel reviewed the cases disapproving of attempts to seek review of orders certified as final under R. 4:42-2, and stated "unfortunately . . . our numerous pronouncements regarding the inappropriateness of using a finality certification to obtain review of an interlocutory order have gone unheeded," and dismissed that appeal "as interlocutory." Id. at 552-53, 935 A.2d 803.
We have given similar warnings in cases in which interlocutory orders have been appealed and were the subject of plenary briefing before being presented to the court. Nevertheless, we have previously reviewed many such cases on the merits, particularly where respondents have neglected to move, as they should, to dismiss an appeal from an interlocutory order. However, recently, in Parker, supra, we reviewed a case in which a motion to dismiss an appeal as interlocutory was denied, but no motion for leave to appeal was filed or granted. On plenary review even in those circumstances we dismissed the appeal, saying:
We recognize the existence of cases like Caggiano v. Fontoura, in which leave to appeal has been granted nunc pro tunc in similar circumstances. However, if we treat every interlocutory appeal on the merits just because it is fully briefed, there will be no adherence to the Rules, and parties will not feel there is a need to seek leave to appeal from interlocutory orders. At a time *169 when this court struggles to decide over 7,000 appeals a year in a timely manner, it should not be presented with piecemeal litigation and should be reviewing interlocutory determinations only when they genuinely warrant pretrial review.
[Parker, supra, 382 N.J.Super. at 458, 889 A.2d 1079 (internal citations omitted).]
The Rules are written to require uniformity as a means of providing equal justice. The time has come to enforce the Rules and not to decide an appeal merely because the respondent did not move to dismiss it and it was fully briefed.
The appeal is dismissed. No costs.
NOTES
[1] In a letter to our clerk, defendant's present counsel refers to his "withdraw[al]" of defendant's pro se motion for leave to appeal, reconsideration, removal to the District Court and recusal. Such a pro se motion had been filed.
[2] R. 2:2-3 refers to R. 3:28(f) (enrollment in PTI over prosecutor objection); R. 3:26-2 (material witness order); R. 4:42-2 (certification of interlocutory order); R. 4:53-1 (order appointing receiver); R. 5:8-6 (custody determination in bifurcated matrimonial action); R. 5:10-6 (order on preliminary hearing in adoption action), and N.J.S.A. 59:8-9 (orders extending time to file late notice under the Tort Claims Act).
[3] Moon noted that the list of rules providing for appeals as of right in Rule 2:2-3 was "not exhaustive," id. at 517, 867 A.2d 1174, but held that an order granting a motion to permit a late filing under the Tort Claims Act was interlocutory and not appealable as of right. R. 2:2-3 was amended, effective September 1, 2006, to treat orders directed to late filing under the Tort Claims Act as final for purposes of appeal.