43 A.3d 1205 (2012)
426 N.J. Super. 157
HOUSE OF FIRE CHRISTIAN CHURCH, Plaintiff-Respondent,
v.
ZONING BOARD OF ADJUSTMENT OF the CITY OF CLIFTON and the City of Clifton, Defendants-Respondents, and
Livia Pepper, Intervenor-Appellant.
No. A-6128-10T1
Superior Court of New Jersey, Appellate Division.
Argued May 16, 2012.
Decided June 1, 2012.
*1206 Frank A. Carlet, Clifton, argued the cause for appellant (Carlet, Garrison, Klein & Zaretsky, attorneys; Mr. Carlet, on the brief).
Robert J. Pansulla argued the cause for respondent House of Fire Christian Church (Finazzo, Cossolini, O'Leary, Meola & Hager, attorneys; Mr. Pansulla, on the brief).
John D. Pogorelec, attorney for respondent Zoning Board of Adjustment of the City of Clifton.
City of Clifton, Law Department, attorneys for respondent City of Clifton (David R. Bruins, First Assistant Municipal Attorney, on the statement in lieu of brief).
Before Judges FUENTES, GRAVES, and J.N. HARRIS.
The opinion of the court was delivered by
JONATHAN N. HARRIS, J.A.D.
Seven years have passed since we reviewed the then-long-standing land use dispute among plaintiff House of Fire Christian Church (the Church), defendants City of Clifton (the City) and its Board of Adjustment (the Board), and intervenor Livia Pepper. See House of Fire Christian Church v. Zoning Bd. of Adj. of Clifton, 379 N.J.Super. 526, 879 A.2d 1212 (App.Div.2005). In that opinion, we observed that the City and the Board had sought to appeal an interlocutory order, id. at 531, 879 A.2d 1212, but "in an effort to facilitate a fair and final resolution of the disputed issues," we granted leave to appeal nunc pro tunc. Ibid. (citing R. 2:4-4(b)(2)). Notwithstanding the lamentable passage of time and the outlay of substantial efforts by the parties and several Law Division judges, the matter once again arrived before us failing to bear a final judgment "dispos[ing] of all claims against all parties." Janicky v. Point Bay Fuel, Inc., 396 N.J.Super. 545, 549, 935 A.2d 803 (App.Div.2007). In its place, the Law Division entered an order certifying as final, see Rule 4:42-2, all issues arising under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, while reserving for future resolution the myriad claims of the Church against the City and the Board with respect to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C.A. §§ 2000cc to 2000cc-5. Because we are not bound by an improvidently-granted final certification under Rule 4:42-2, and the interests of justice do not command our immediate intervention, this time we decline to grant leave to appeal nunc pro tunc and accordingly dismiss the appeal.

I.
Except to the extent necessary to illuminate the dispositive issue before us, we will not repeat the factual background in detail that was set forth in House of Fire Christian Church. Familiarity with that opinion is assumed.
After we affirmed the Law Division's decision "to remand the Church's application to the Board for a consolidated [(nonbifurcated)] hearing," House of Fire Christian Church, supra, 379 N.J.Super. at 547, 879 A.2d 1212, the Church submitted its application for development in July 2007.[1] After months of procedural wrangling, which did not result in the Board conducting an evidentiary hearing, the Church filed a motion in aid of litigant's rights in February 2008, requesting that the Law Division "sustain the site plan and variances ... and [impose] sanctions pursuant to the [RLUIPA]."
*1207 On September 5, 2008, the motion court issued an order denying relief because the conditions of remand had been met and "[t]he re-hearing of all issues [was] pending" before the Board. The court further denied the Church's request for RLUIPA sanctions having found that the Board commenced hearings in May 2008.
The Board denied the Church's proposal anew and memorialized its decision in a formal resolution on December 4, 2008. The Church responded by filing a three-count "Second Amended Complaint in Lieu of Prerogative Writs" in January 2009. The first count succinctly raised conventional MLUL claims. The second and third counts alleged violations of "[RLUIPA] and such other state or Federal law to protect religious organizations such as plaintiff." The pleading did not specify under what "other state or Federal law" the Church was seeking protection.
A second Law Division judge issued a written decision on March 2, 2010, remanding the matter to the Board "for reconsideration and the issuance of a new resolution within ninety days, containing detailed findings of facts and conclusions of law, in accordance with the Coventry Square[[2]] standard." No substantive disposition regarding count one was made, and the decision was mostly silent regarding counts two and three.[3] The court expressly declared, "[j]urisdiction is retained." On March 23, 2010, it issued an order memorializing its decision including a proviso that the Board hear no further testimony.
On June 16, 2010, the Board convened to reconsider the matter, allowing counsel to speak but prohibiting any new testimony. That same day, the Board adopted a resolution "disapprov[ing]" the Church's development application and denying its request for "the conditional use variance and the bulk variances."
The Church sought to reactivate the Law Division's retention of jurisdiction in order to pursue its appeal of the Board's denial. Because the judge who remanded the matter had retired, a third Law Division judge became involved. Trial was conducted on June 3, 2011, after which the judge rendered an oral decision reversing the Board's action. Because "the constitutional issues and damage claims" had been severed, the trial judge did not address those aspects of the case.
On July 6, 2011, the trial judge entered a memorializing order, which provided, in pertinent part, as follows:
ORDERED that the land use application for a Conditional Use and bulk variances, with site plan approval to construct a church building on the subject property ... is approved ..., and therefore the decision of the [Board] ... is hereby reversed as being arbitrary, capricious or unreasonable;
....
IT IS FURTHER ORDERED, that the remainder of this case will advance to consider whether the [Board] and [City] will be found to have violated the [RLUIPA], or other protections afforded plaintiff under the law as detailed in the Second Amended Complaint, which will be advanced through a discovery period *1208 in the Passaic County Superior Court, Law Division, and subject to a later Case Management Conference to be scheduled by the Court[.]
Appended to the bottom of the order and separately signed by the trial judge is the following notation:
Certified as "final" as to the first "Ordered" paragraph.
This appeal, by the intervenor only, followed.[4]

II.
The July 6, 2011 order is indubitably an interlocutory order for which leave to appeal has never been granted. At oral argument, the intervenor and the Church conceded as much. Both, however, justified moving ahead with the appeal on its merits because of (1) the Law Division's certification of finality, and (2) the enormous investment of the parties' time and energy since the Church's first application for development was filed in 2001. We reject both rationales because the present circumstances do not warrant deciding the present appeal in its interlocutory condition.

A.
Rule 4:42-2 is plainly written. It only permits a court to certify as final an order that "would be subject to process to enforce a judgment pursuant to R. 4:59 if it were final." There has been no shortage of explanations for how and why the rule works:
As we indicated in Janicky v. Point Bay Fuel, Inc., 396 N.J.Super. 545, 551-52 [935 A.2d 803] (App.Div.2007), inappropriate certification of interlocutory orders has been a persistent problem for many years. See Tradesoft Techs., Inc. v. Franklin Mut. Ins. Co., 329 N.J.Super. 137, 141, 746 A.2d 1078 (App.Div. 2000); D'Oliviera v. Micol, 321 N.J.Super. 637 [729 A.2d 1084] (App.Div.1999); S.N. Golden Estates, Inc. v. Continental Cas. Co., 317 N.J.Super. 82 [721 A.2d 307] (App.Div.1998); Fu v. Fu, 309 N.J.Super. 435 [707 A.2d 473] (App.Div. 1998), rev'd on other grounds, 160 N.J. 108 [733 A.2d 1133] (1999); Hallowell v. Am. Honda Motor Co., 297 N.J.Super. 314 [688 A.2d 110] (App.Div.1997); Bloom v. Clara Maass Med. Ctr., 295 N.J.Super. 594 [685 A.2d 966] (App.Div. 1996); Cobo v. Mkt. Transition Facility, 293 N.J.Super. 374 [680 A.2d 1103] (App.Div.1996); Kurzman v. Appicie, 273 N.J.Super. 189 [641 A.2d 566] (App. Div.1994); Taylor v. Gen. Elec. Co., 208 N.J.Super. 207 [505 A.2d 190] (App. Div.), certif. denied, 104 N.J. 379 [517 A.2d 388] (1986); DiMarino v. Wishkin, 195 N.J.Super. 390 [479 A.2d 444] (App. Div. 1984); Delbridge v. Jann Holding Co., 164 N.J.Super. 506 [397 A.2d 356] (App.Div.1978); Leonardis v. Bunnell, 164 N.J.Super. 338, 340 [396 A.2d 357] (App.Div.1978), certif. denied, 81 N.J. 265 [405 A.2d 810] (1979).
[Grow Co., Inc. v. Chokshi, 403 N.J.Super. 443, 458 n. 4, 959 A.2d 252 (App.Div. 2008).]
Notwithstanding our best pedantic efforts, we find ourselves again dealing with an improper final certification of an interlocutory order. The Law Division declared that what was final was "the first `Ordered' paragraph." That paragraph provides only the following:

*1209 ORDERED that the land use application for a Conditional Use and bulk variances, with site plan approval to construct a church building on the subject property ... is approved ... and therefore the decision of the [Board] ... is hereby reversed as being arbitrary, capricious or unreasonable[.]
There are no elements in this ruling that are even remotely "subject to process to enforce a judgment pursuant to R. 4:59 if it were final." Tradesoft Techs., Inc., supra, 329 N.J.Super. at 140-41, 746 A.2d 1078 ("Obviously, this interlocutory order is not subject to enforcement by way of execution and was, therefore, not eligible for certification."). "[W]hile certification pursuant to R[ule] 4:42-2 constitutes an appealable order as of right, the order must be properly certifiable, and if not, the appeal shall be dismissed." See Vitanza v. James, 397 N.J.Super. 516, 517-18, 938 A.2d 166 (App.Div.2008).
Because the July 6, 2011 order was incapable of supporting the finality certification appended by the trial court, we vacate the certification, see S.N. Golden Estates, Inc., supra, 317 N.J.Super. at 88, 721 A.2d 307; treat the order as entirely interlocutory in nature; and hew to our stated preference on the subject: dismissal of the appeal. Vitanza, supra, 397 N.J.Super. at 519, 938 A.2d 166 ("The time has come to enforce the Rules and not to decide an appeal merely because the respondent did not move to dismiss it and it was fully briefed."); see also Parker v. City of Trenton, 382 N.J.Super. 454, 458, 889 A.2d 1079 (App.Div.2006) ("At a time when this court struggles to decide over 7,000 appeals a year in a timely manner, it should not be presented with piecemeal litigation and should be reviewing interlocutory determinations only when they genuinely warrant pretrial review." (citations omitted)).
Notwithstanding First Amendment (freedom of religion) interests that may be involved, the present clash is essentially a local land use dispute that affects only a limited class of interested parties. Resolution of the MLUL issues requires care and attention, however, its deferment until all issues as to all parties are resolved does not impair either the public interest or the "interest of justice." See R. 2:2-4 ("the Appellate Division may grant leave to appeal, in the interest of justice, from an interlocutory order"). We have no grounds to promote and accelerate the resolution of this appeal over the thousands of others waiting their turn for disposition.

B.
Lest we be viewed as slavishly adhering to a hyper-technical application of the Rules, there is also a highly pragmatic reason why leave to appeal should not be granted and this matter returned to the Law Division before we exercise our plenary appellate jurisdiction. The unresolved issues contained in the Church's Second Amended Complaint, whether of constitutional dimension or just pursuant to the RLUIPA, are integrally-related to the MLUL claims vis-à-vis the Board, and are capable of affording the Church substantive injunctive-like relief even if it ultimately loses under our State's land use jurisprudence.[5] Accordingly, for this court *1210 to afford the parties true finality as to all interrelated issues, we must await a full-spectrum disposition of the Church's grievances.
The Church's pleading presents two claims under the RLUIPA. See Centro Familiar Cristiano Buenas Nuevas v. City of Yuma, 651 F.3d 1163, 1169 (9th Cir.2011) (recognizing RLUIPA's two separate provisions limiting government regulation of land use). First, it alleges that the Board and the City "unreasonably imposed a substantial burden on the religious exercise of [the Church]." See 42 U.S.C.A. § 2000cc(a). Specifically citing the RLUIPA (but only generally referring to "[the Church's] protected constitutional and statutory rights), count two demands "judgment reversing the decision of the [Board], with damages."[6]
In its third count, the Church avers, "[c]ollectively, both [the Board and the City] have violated [the Church's] protected constitutional and statutory rights, through discrimination, unfair treatment, unequal protection under the law and/or the [RLUIPA]." 42 U.S.C.A. § 2000cc(b). This count's prayer for relief is identical to the second count.
Overall, the Church is pursuing a double-barreled, dual-pronged attack upon the Board's denial of its development application. The first barrel consists of its MLUL claims, which were resolved in its favor by the trial court. The second barrel contains, at least, the corresponding RLUIPA causes of action.[7] Tried together or serially, the resolution of all of the Church's grievances will better inform an appellate court of the interrelationships forged by the facts and the law when it conducts an ultimate review.[8] Indeed, this approach was presaged by House of Fire Christian Church when we wrote, "[t]he Church's RLUIPA claim shall not be reconsidered prior to a final decision by the Board." Supra, 379 N.J.Super. at 547, 879 A.2d 1212.
This totality-of-the-circumstances approach is not foreign to land use disputes. It is common that certain aggrieved land use applicants bring parallel state and federal claims as part of a state court action in lieu of prerogative writs or in federal court. For example, a telecommunications-facility plaintiff may seek remedies under the MLUL and the Telecommunications Act of 1996, 47 U.S.C.A. § 332. See e.g., Cell S. of N.J. v. Zoning Bd. of Adj., W. Windsor Twp., 172 N.J. 75, 88-89, 796 A.2d 247 (2002). Similarly, a developer of an elder-care facility may pursue relief under the MLUL and the Fair Housing Amendments Act of 1988, 42 U.S.C.A. § 3601 et seq. See Lapid-Laurel v. Zoning Bd. of Adj., 284 F.3d 442 (3d Cir.2002). Moreover, the application of cost reallocation statutes, see e.g., 42 U.S.C.A. § 1988, also play significant roles in land use litigation, and disputes arising thereunder must be decided before appellate review.
*1211 Our disposition of the MLUL issues in this appeal would not end this litigation the Church's counsel, at oral argument, clearly indicated as much. Because of the relationship between the open issues and the MLUL, see House of Fire Christian Church, supra, 379 N.J.Super. at 545, 879 A.2d 1212, principled decision-making is best achieved only after all of the Church's grievances are aired and appropriate remedies, if any, are deployed.

III.
To fulfill its mission as a publicly-funded system of dispute resolution, the judiciary must be a watchful steward of its constrained economic and human resources. A careful balance must be struck between the needs of litigants in a particular case and our firm judicial policy against piecemeal appeals. See Moon v. Warren Haven Nursing Home, 182 N.J. 507, 513, 867 A.2d 1174 (2005). This is not new; its roots are found in our Constitutional Convention of 1947. See Appeal of Pa. R. Co., 20 N.J. 398, 406, 120 A.2d 94 (1956). We conclude that the public interest is best served by returning the matter to the Law Division for a complete disposition of all issues as to all parties.
Appeal dismissed without prejudice pending the entry of a final judgment disposing of all issues as to all parties. We do not retain jurisdiction.
NOTES
[1] The Church applied to the Board for two conditional use variances, N.J.S.A. 40:55D-70(d)(3); several dimensional (bulk) variances, N.J.S.A. 40:55D-70(c); and site plan approval, N.J.S.A. 40:55D-76(b).
[2] Coventry Square, Inc. v. Westwood Zoning Bd. of Adj., 138 N.J. 285, 650 A.2d 340 (1994) (requiring a board of adjustment to determine whether the site proposed for the conditional use continues to be an appropriate site for the conditional use notwithstanding the deviations from one or more conditions imposed by the zoning ordinance).
[3] The opinion, however, indicated that "the parties agreed to sever the action into two parts: the first to deal with the question of whether the Board's resolution denying plaintiff's application should be upheld, and the second to deal with all of the constitutional issues and damage claims."
[4] Although the Board decided against filing an appeal, and did not submit a brief with us, in correspondence it stated that it "joins with the Interven[o]r and supports all arguments in advance [sic] for the reversal of the trial court's decision." The City, which was not directly affected by the Law Division's order of July 6, 2011, indicated, also by in correspondence, that "it joins substantially with the Brief filed on behalf of the Intervenor/Appellant."
[5] We are by no means foretelling what the ultimate result should be after plenary review of the Law Division's reversal of the Board's action. We simply note that there is little profit to be gained by advancing an appeal limited to MLUL issues while postponing an inevitable trial under the RLUIPA, regardless of the outcome of an appeal. Such a circumstance is the very antithesis of fostering a judicial process that chiefly consists of "a single and complete trial with a single and complete review." Investors Sav. Bank v. Waldo Jersey City, LLC, 418 N.J.Super. 149, 156, 12 A.3d 264 (App.Div.2011) (citation omitted).
[6] We are uncertain whether the Church has abandoned potential equitable remedies under the RLUIPA in favor of a damages-only approach. Regardless of whether the remainder to be resolved is solely limited to money damages, we conclude that our intervention is most appropriate only after the completion of all proceedings in the Law Division.
[7] Our brief explication of the Church's complaint is not intended to exclude the possibility that an indulgent reading of the pleading would recognize other state or federal claims. The first parsing, however, must be done in the trial court.
[8] We do not quarrel with the Law Division's severance of the MLUL claims from the others. Our unease, however, as already noted, stems the trial court's (perhaps unwitting) foisting of jurisdiction upon us through its finality certification. See e.g., N.J. Sch. Constr. Corp. v. Lopez, 412 N.J.Super. 298, 309, 990 A.2d 667 (App.Div.2010).