NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0308-15T3

SHT CORP., t/a SOMERSET
HILLS TOWING,

 Plaintiff-Appellant,

v.

COUNTY OF SOMERSET and
MIKE'S TOWING & RECOVERY,

 Defendants-Respondents.
____________________________

 Argued February 15, 2017 – Decided September 14, 2017

 Before Judges Fuentes, Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Law Division, Somerset County, Docket
 No. L-1017-15.

 William J. Pollinger argued the cause for
 appellant.

 Carl A. Taylor, III, argued the cause for
 respondent County of Somerset (Cooper, Cottell
 & Taylor, LLC, attorneys; Mr. Taylor, of
 counsel and on the brief).

 Stefani C. Schwartz argued the cause for
 respondent Mike's Towing & Recovery (Schwartz
 Simon Edelstein & Celso, LLC, attorneys; Ms.
 Schwartz, of counsel and on the brief; Stephan
 R. Catanzaro, on the brief).
PER CURIAM

 Somerset County Board of Chosen Freeholders solicited bids

for towing and storage work for the Somerset County Prosecutor's

Office. Three towing businesses submitted bids. Plaintiff, SHT

Corp., t/a Somerset Hills Towing, submitted the lowest bid. Mike's

Towing & Recovery submitted the second lowest bid. The County

nonetheless awarded the contract to Mike's Towing & Recovery. The

County rejected plaintiff's bid as nonresponsive to the bid

specifications, which included a warning that: "Failure to sign

and give all information in the bid may result in the bid being

rejected." The County notified plaintiff of its decision in a

letter dated June 12, 2015.

 In this appeal, plaintiff seeks the reversal of the Law

Division's order upholding the County's decision to award the

contract to Mike's Towing & Recovery. After reviewing the record

developed before the trial court, we affirm.

 The bid packet plaintiff submitted to the County included a

response to question 21, which requires bidders to:

 Acknowledge any past or pending civil
 complaints, complaints to the Better Business
 Bureau, Division of Consumer Affairs, other
 regulatory agencies or police departments
 filed against any owner, the business itself,
 its agents or employees for any type of
 deceptive business practice, insurance fraud,
 price gouging, local ordinance violations or

 2 A-0308-15T3
 other similar complaint(s) regarding the
 services of the towing company.

 The format of the bid specification requires the bidder to

answer this question: "yes or no." Plaintiff answered "no," but

attached the following statement: "There have never been any

complaints by consumers or third parties. However, the Bridgewater

Township Police Department had filed complaints, which thus far

have all been dismissed. There is a pending motion to dismiss the

remaining complaints." By letter dated June 16, 2015, the Somerset

County Counsel advised plaintiff:

 The response by Somerset Hills Towing failed
 to identify complaints made in Bernards
 Township and Bridgewater Township.

 It is the County's understanding that Somerset
 Hills Towing was denied a Rotating Towing
 License in Bernards Township on November 11,
 2014 (see attached). Further, it is the
 County's understanding that there are pending
 violations against owner, Michael Bassaparis,
 in Bridgewater Township Municipal Court.

 On July 21, 2015, plaintiff filed an action in lieu of

prerogative writs and Order to Show Cause (OTSC) seeking to

overturn the County's decision. On July 22, 2015, Judge Edward

Coleman entered the OTSC which set a return date of Thursday, July

30, 2015. The County filed a responsive pleading and a

certification from Karen L. McGee, the County's Purchasing Agent.

McGee conceded that of the three bids received, the bid submitted

 3 A-0308-15T3
by Somerset Hills Towing was "the lowest bidder based solely upon

price[.]" However, Somerset Hills Towing was rejected "because

their bid was non-responsive and the County did not deem it prudent

to waive the defects in Somerset Hills bid proposal."

 McGee averred that after Somerset Hills Towing answered "no"

to Question 21, "it was discovered that Somerset Hills Towing did

have issues that should have been made part of their response."

Without disclosing the methods employed in her investigation or

identifying the source of her information, McGee certified that

 due to my inquiry with Bernards Township, I
 became aware of the issues they were having
 with SHT, and the potential removal from the
 rotation cycle. I also became aware of the
 Bridgewater Township Police Department issues
 and the BBB issue. In addition, I am aware
 there was an issue with SHT and AVIS and a
 pending court case.

 Somerset Hills Towing, despite answering the
 question [21] "no," placed an insert providing
 some clarification. However, for the
 aforementioned reasons, even with this insert
 the answer was not responsive. Accordingly,
 it was determined by the County that the
 contract be awarded to Mike's Towing as the
 lowest responsive bidder.

 The OTSC entered by Judge Coleman on July 22, 2015, directed

the County to show cause why the contract for towing services

awarded to Mike's Towing "should not . . . be set aside and instead

awarded to plaintiff." The matter came before a different judge

on August 4, 2015. After considering the briefs and certifications

 4 A-0308-15T3
and hearing the arguments of counsel, the judge denied plaintiff's

application for a preliminary injunction.

 THE COURT: New Jersey Supreme Court in Crowe
 v. De Gioia, [90 N.J. 126 (1982)] stated that
 New Jersey has long recognized a wide variety
 of context, the power of the Judiciary to
 prevent some threatening, irreparable
 mischief which should be adverted until the
 opportunity is afforded for a full and
 deliberate investigation into the case.

 The four factors are: Immediate and
 irreparable harm; that the legal rights of the
 underlying plaintiff's claim are well settled;
 and that the reasonable likelihood of ultimate
 success on the merits, and the balance of
 hardships between all parties as well as third
 parties in interest and the public.

 As to the first factor, Crowe stated that the
 harm is generally considered irreparable in
 equity if it cannot be redressed adequately
 by monetary damages.

 In addition, with regard to the third factor,
 the Court held that the preliminary injunction
 should not issue when material facts are
 controverted.

 However, the Court stated that mere doubt as
 to the validity of the claim is not an adequate
 basis for refusing to maintain the status quo.

 The local bidding law yields to the
 municipality the authority to exercise
 principal business judgment that conforms to
 the provisions of the law. Such exercises are
 reviewed for the abuse of discretion.

 If the defects are material, they are non-
 waivable. If the defects are non-material,
 the municipality may waive them or . . . in a
 valid exercise of sound business judgment that

 5 A-0308-15T3
kept faith with the policies underlying the
bidding law reject the bid.

The legal rights that regard the petitioner's
application are well settled. There's no
question that the petitioner's bid was not
forthcoming, . . . and rendered it
nonconforming.

The petitioner did not disclose the Better
Business Bureau complaint and the Avis action.
The petitioner did not disclose that it was
denied a rotational towing license in Bernards
Township.

Further, its representation with its bid
documents received on April 7th, that all the
complaints filed by Bridgewater had been all
dismissed, was inaccurate. The complaints
have not yet been dismissed and were not
disposed of by the motion to dismiss.

The [c]ourt need not come to a decision as to
whether the misrepresentations were material
as the [c]ourt finds the County exercised
sound business judgment by rejecting a bid
that failed to give the full story.

Question 21 that read that the successful
bidder shall meet the following criteria is
immaterial. The question means that the
successful bidder would have to truthfully
respond to each of the questions.

The petitioner does not have a reasonable
likelihood of success on the merits. The
petitioner's harm is not irreparable, as the
low fees and tows is a monetary damage.

The [C]ounty has the right to make a
determination as to the responsiveness of the
bid. The [c]ourt finds that the [C]ounty has
a greater hardship as awarding the relief
sought by the petitioner forces the [C]ounty

 6 A-0308-15T3
 to award the contract to a non-responsive
 bidder.

 Petitioner's stated hardship of a loss of tows
 is without merit as it does not have the right
 to tows under the contract.

 Petitioner's due process rights were not
 violated by failure of the [C]ounty to hold a
 hearing. A hearing is only required when
 there's a challenge to the bidder's competency
 or responsibility.

 The petitioner's bid was nonconforming . . .
 and not rejected due to responsibility. No
 hearing was required.

 Therefore, I deny the petitioner's order to
 show cause, and I dismiss the complaint
 without prejudice.

 [Emphasis added.]

 We have taken the time and effort to quote completely the

trial court's analysis and to illustrate the confusion it created.

By all accounts, the court's analysis and use of language signals

this was merely an interlocutory decision taken, in the trial

judge's own words, "until the opportunity is afforded for a full

and deliberate investigation into the case." Our rules of

appellate practice clearly provide that, except as otherwise

expressly stated, "appeals may be taken to the Appellate Division

as right from final judgments of the Superior Court trial

divisions[.]" R. 2:2-3(a)(1). (Emphasis added).

 7 A-0308-15T3
 This court's policy against piecemeal appellate review is

well-established.

 Under Rule 2:2-3(a)(1), an appeal as of right
 may be taken to the Appellate Division only
 from a "final judgment." To be a final
 judgment, an order generally must "dispose of
 all claims against all parties." "This rule,
 commonly referred to as the final judgment
 rule, reflects the view that 'piecemeal
 [appellate] reviews, ordinarily, are [an]
 anathema to our practice.'"

 [Vitanza v. James, 397 N.J. Super. 516, 518-
 19 (App. Div. 2008) (quoting Janicky v. Point
 Bay Fuel, Inc., 396 N.J. Super. 545, 549-50
 (App. Div. 2007)).]

The Supreme Court has also recently addressed this issue.

 [N]o party may confer jurisdiction on an
 appellate tribunal simply by filing a notice
 of appeal. No agreement between or among
 parties may confer jurisdiction on the
 Appellate Division in the absence of a final
 order, Hudson v. Hudson, 36 N.J. 549, 553
 (1962), and the Appellate Division has
 repeatedly admonished parties for attempting
 to disguise an interlocutory order or orders
 as final for purposes of pursuing an appeal
 as of right, see Grow Co. v. Chokshi, 403 N.J.
 Super. 443, 461 (App. Div. 2008); CPC Int'l,
 Inc. v. Hartford Accident & Indem. Co., 316
 N.J. Super. 351, 365-66 (App. Div. 1998),
 certif. denied, 158 N.J. 73, 726 (1999). To
 that end, an appellate tribunal always has the
 authority to question whether its jurisdiction
 has been properly invoked.

 [Silviera-Francisco v. Board. of Educ. of City
 of Elizabeth, 224 N.J. 126, 143 (2016).]

 8 A-0308-15T3
 However, pursuant to Rule 2:2-4, we are satisfied that the

interest of justice warrant that we grant leave to appeal nunc pro

tunc. We discern no basis to question plaintiff's good faith in

concluding this was a final order subject to appellate review as

of right. Furthermore, notwithstanding the trial court's

language, the relief granted by the court to defendants de facto

disposed of the case. We will thus review the merits of

plaintiff's arguments.

 We start our analysis by reaffirming certain bedrock

principles underpinning public bidding and the award of public

contracts. "The purpose of the Local Public Contracts Law,

N.J.S.A. 40A:11-1 to -50, is to promote competitive bids 'to secure

for the public the benefits of unfettered competition.'" Muirfield

Const. Co., Inc. v. Essex Cty. Imp. Auth., 336 N.J. Super. 126,

132 (App. Div. 2000) (quoting Meadowbrook Carting Co., Inc. v.

Borough of Island Heights, 138 N.J. 307, 313 (1994)). The award

of a contract involving the expenditure of public funds requires

the public agency to award a contract not merely based on the

lowest bid. The integrity and reliability of the business entity

submitting the bid are equally compelling factors in determining

who should be awarded the contract. Gaglioti Contracting, Inc.

v. City of Hoboken, 307 N.J. Super. 421, 431 (App. Div. 1997).

The lowest responsible bidder is the guiding principle. Ibid.

 9 A-0308-15T3
 Here, the record shows plaintiff was less than candid in its

response to Question 21. The answer "no," followed by an

incomplete account of its history of complaints and pending cases

in neighboring municipalities rendered the answer not just

nonresponsive, but intentionally evasive. Under these

circumstances, the County was well within its right to reject the

bid.

 Affirmed.

 10 A-0308-15T3