**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0281-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VINCENT URBANK,

    Defendant-Appellant.

_____

Submitted February 23, 2021 – Decided March 17, 2021

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No.19-10.

Vincent Urbank, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Vincent Urbank appeals from an August 28, 2019 Law Division order dismissing his de novo appeal from a municipal court enforcement proceeding. The Law Division judge concluded the municipal court proceeding involved a "resolution of a contempt matter[,] and . . . [because d]efendant was not issued any new violations nor was there disposition of a new matter[,] . . . there [was] no actual controversy pending before [the c]ourt" to adjudicate. We reach the same conclusion and likewise dismiss the appeal.

This case involves an ongoing dispute between defendant and Toms River Township pertaining to complaints for violation of a municipal ordinance for defendant's failure to remove an unregistered or inoperable vehicle from his property, and violation of a property maintenance code for failure to maintain the exterior of his property in a safe and sanitary condition. The parties are familiar with the facts, which we recounted in greater detail in State v. Urbank, No. A-4089-17, (App. Div. May 14, 2019) (slip op. at 1-6). We found defendant's arguments on the prior appeal lacked merit, affirmed his convictions, and remanded for correction of the form of the judgment for reasons unrelated to this appeal. Id. at 7, 9.

In July 2019, the municipal court judge held a hearing on the State's motion to enforce the judgment of conviction. The State proposed rather than

2

continuing to issue more summons for continued violations, Township inspectors could "go with [defendant], point out everything that needs to be done, [and] give him a [n]otice of [v]iolation with a compliance date. . . . [I]f he complies by that date[,] there[ are] no [new] tickets." Defendant objected arguing "[t]his is just harassment by the [t]own . . . . There is no reason for us to be here today, absolutely no reason. These two summonses were put to rest, okay?" Following a lengthy colloquy with defendant, the judge presented him with two options: work with the Township to be reinspected, or do not, and face new summonses for the same violations. Defendant declined to cooperate. The judge ordered a police escort for the Township to inspect the property and "if any violations [were] found, . . . a [n]otice of [v]iolation be provided to the defendant with . . . a reasonable amount of time for compliance" and a reinspection date.

Defendant filed a de novo appeal in the Law Division. In its opposition, the State argued the matter was an enforcement proceeding and defendant "has no right to appeal in this instance and his notice of appeal should be rejected[ because t]here are no outstanding charges." The Law Division judge agreed and dismissed the appeal.

Defendant raises the following points on this appeal:

A-0281-19

POINT 1 – THE TRIAL JUDGE AND PROSECUTOR ARE IN CONTEMPT.

POINT 2 – ENFORCEMENT HEARING.

POINT 3 – RIVKIN V. DOVER TOWNSHIP RENT LEVELING BOARD.

POINT 4 – FIFTH AMENDMENT DUE PROCESS (Not Raised Below).

POINT 5 – FOURTEENTH AMENDMENT DUE PROCESS (Not Raised Below).

POINT 6 – MAPP V. OHIO, 367 U.S. 643, REHEARING DENIED, 368 U.S. 871 (1961).

POINT 7 – FIFTH AMENDMENT DOUBLE JEOPARDY (Not Raised Below).

POINT 8 – EQUAL PROTECTION (Not Raised Below).

POINT 9 – THOMAS V. CITY OF WEST HAVEN (Not Raised Below).

POINT 10 – TITLE 18, U.S.C., SECTION 245 (Not Raised Below).

POINT 11 – TITLE 18, U.S.C., SECTION 242 (Not Raised Below).

In his reply brief, defendant raises the following additional points:

POINT 1 – COLLATERAL ESTOPPEL (Not Raised Below).

POINT 2 – DUE PROCESS (Not Raised Below).

POINT 3 – DOUBLE JEOPARDY (Not Raised Below).

POINT 4 – RES JUDICATA (Not Raised Below).

POINT 5 – PROBABLE CAUSE (Not Raised Below).

The gravamen of defendant's arguments on appeal is that the Law Division judge erred in dismissing the matter, the prosecutor lacked the ability to enforce the judgment of conviction, and the municipal court lack jurisdiction to grant enforcement.

We review the Law Division judge's decision to determine whether there is sufficient credible evidence in the record to support it. State v. Johnson, 42 N.J. 146, 162 (1964). Our review of the judge's legal determinations is plenary. State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011).

"It is . . . well settled that a judgment, in order to be eligible for appeal as a final judgment, must be final as to all parties and all issues . . . . A trial court order which retains jurisdiction is by definition not final." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.2 on R. 2:2-3 (2020) (citing House of Fire v. Zoning Bd., 426 N.J. Super. 157 (App. Div. 2012)). Furthermore, "an order entered pursuant to R[ule] 1:10-3, relief to litigants, that directs the issuance of an arrest warrant for the purpose of producing in court the obligor for an ability-

A-0281-19

to-pay hearing is interlocutory because no final determination respecting remediable non-compliance with the underlying order has yet been made." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.3.3 on R. 2:2-3 (2020) (citing Saltzman v. Saltzman, 290 N.J. Super. 117 (App. Div. 1996)).

It is clear the municipal court judge was enforcing the judgment of conviction. As in Saltzman, it is evident the judge's order was not final because it permitted the Township to inspect defendant's property and issue a notice of violation and a reinspection date, and therefore contemplated further proceedings, thereby retaining jurisdiction. Furthermore, as the Law Division judge noted, there was no disposition of a new matter. Indeed, the Township had not issued new summonses and complaints for violations.

For these reasons, the matter was properly dismissed, and we in turn dismiss the appeal pursuant to Rule 2:2-3. Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Dismissed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0281-19