273 N.J. Super. 189 (1994)
641 A.2d 566
DORIS KURZMAN, PLAINTIFF-APPELLANT,
v.
JOHN W. APPICIE, INDIVIDUALLY, AND GEORGE J. BENDER, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1994.
Decided May 17, 1994.
*190 Before Judges MUIR, Jr., and LEVY.
Bradford Bury argued the cause for appellant (Bury & Associates, attorneys).
*191 Scott D. Jacobson argued the cause for respondents (Goldman, Jacobson, Kramer, Fradkin & Starr, attorneys).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
This appeal is improperly before this court due to the trial court's misconstruction of R. 4:42-2. We dismiss the appeal and remand to the trial court for resolution of the remaining count of plaintiff's complaint.
Plaintiff filed a three-count complaint. The complaint centered on the individual defendant's alleged mishandling of proceeds of a "keyman" life insurance policy covering plaintiff's husband, George Bender, who died April 28, 1982. The defendant corporation was the policy beneficiary.
The trial court granted defendants' summary judgment motion for dismissal of counts two and three of the complaint. It ruled plaintiff was not entitled to the policy proceeds from the corporation because she was not the named beneficiary. Alternatively, the court ruled the claims barred by the statute of limitations. The original order for summary judgment simply dismissed the two counts. An amended order added a provision that the order "be entered as a Final judgment pursuant to R. 4:42-2 and same shall be immediately appealable by Plaintiff as a matter of right." The latter provision is a misconstruction of the trial court's authority under R. 4:42-2.
R. 4:42-2 allows a trial court to certify as final an order that "would be subject to process to enforce a judgment pursuant to R. 4:59 if it were final." R. 4:59 is applicable only to judgments which afford affirmative relief such as ordering payment of money. Thus, R. 4:42-2 is applicable to partial summary judgments where the relief granted is affirmative. It does not apply to judgments which confer no enforcement rights. Consequently, it is a misuse of R. 4:42-2 to make immediately appealable an order, such as the *192 one at issue, which provides no affirmative relief. See Pressler, Current N.J. Court Rules, comment on R. 4:42-2.
We recognize the trial court's certification may have been well intended. Nonetheless, the order under appeal was interlocutory in nature. See R. 2:5-6. The certification technique of R. 4:42-2 is not available when the sole purpose is interlocutory appellate review. See Pressler, supra. The order is subject to appellate review only after all counts of the complaint have been resolved by the trial court.
The appeal is dismissed. The matter is remanded for further proceedings consonant with this opinion.