935 A.2d 803 (2007)
396 N.J. Super. 545
Thomas and Karen JANICKY, Plaintiffs-Respondents,
v.
POINT BAY FUEL, INC., and USF Insurance Company, Defendants, and
The Powderhorn Agency, Inc., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 2007.
Decided November 28, 2007.
*804 Thomas J. Burns, III, Princeton, argued the cause for appellant (Reed Smith, attorneys; Mr. Burns and M. Paige Berry, of counsel and on the brief).
Marc L. Dembling, Edison, argued the cause for respondents (Methfessel & Werbel, attorneys; Mr. Dembling, of counsel and on the brief).
Maeve E. Cannon, Princeton, argued the cause for amicus curiae Fuel Merchants Association of New Jersey (Hill Wallack, attorneys; Ms. Cannon, of counsel and on the brief).
Paul G. Witko, Deputy Attorney General, argued the cause for amicus curiae Commissioner of the Department of Banking and Insurance (Anne Milgram, Attorney General, attorney; Patrick DeAlmeida, Assistant Attorney General, of counsel; Mr. Witko, on the brief).
Before Judges SKILLMAN, WINKELSTEIN and YANNOTTI.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This appeal presents another illustration of the recurrent problem of a litigant securing a certification of finality from a trial court under circumstances that do not qualify for such certification in order to *805 circumvent this court's exclusive authority to determine whether leave should be granted to appeal an interlocutory order.
Plaintiffs own a single-family residence in Brick. Defendant Point Bay Fuel supplies heating oil to residential customers and also repairs and maintains their fuel oil systems. In addition, Point Bay sells its customers a fuel oil service protection program called a "ProGuard Accidental Release Protection Certificate." This program entitles purchasers to reimbursement, up to the maximum amount specified in the Certificate, for the costs of cleaning up oil accidentally released from their fuel oil systems and of repairing or replacing those systems.
Defendant Powderhorn Agency is the promoter and administrator of the ProGuard Certificate program. A fuel oil dealer that participates in the program, such as Point Bay Fuel, forwards the money paid by its customer to purchase a Certificate to Powderhorn Agency, which arranges for an insurer to issue a policy that covers the risk of any claim.
Point Bay Fuel sold a ProGuard Certificate to plaintiffs for a term running from March 1, 2003 through March 1, 2004. Point Bay forwarded plaintiffs' payment for the certificate to Powderhorn Agency, which obtained insurance from defendant USF Insurance Company for the obligations Point Bay assumed under the certificate.
On August 22, 2003, plaintiffs discovered an accidental fuel oil discharge on their property and subsequently submitted a claim to defendants for the costs of cleanup. However, defendants refused to pay part of plaintiffs' claim.
As a result, plaintiffs filed a six-count complaint against Point Bay, Powderhorn Agency and USF for breach of the contractual obligations undertaken by defendants under the ProGuard Certificate. This complaint also asserted claims for violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, based on defendants' alleged failure to disclose that Point Bay was not authorized to issue insurance, and of statutes governing the sale of insurance.
Powderhorn Agency and USF filed a motion to dismiss based on a provision of the ProGuard Certificate mandating arbitration. The trial court denied the motion, but entered an order requiring plaintiffs' breach of contract claims to be submitted to arbitration while retaining jurisdiction of plaintiffs' claims under the Consumer Fraud Act and the statutes governing the sale of insurance.
Powderhorn Agency and USF subsequently moved for summary judgment on the ground that the trial court should not consider plaintiffs' Consumer Fraud Act and insurance claims, because the Department of Banking and Insurance has primary jurisdiction over the threshold issue of whether the ProGuard Certificate is an insurance contract or a contract for services. Plaintiffs filed a cross-motion for summary judgment seeking a declaration that the ProGuard Certificate is an insurance contract.
In response to these cross-motions, the trial court issued a letter opinion which concluded that plaintiffs' ProGuard Certificate is a contract of insurance. After mistakenly entering an order that granted plaintiffs' partial summary judgment on their Consumer Fraud Act and insurance claims, the court entered an amended order which indicated that its ruling was purely declaratory on the issue of whether the ProGuard Certificate is a contract of insurance. As modified, the court's order provides:
ORDERED adjudicated and declared that the ProGuard Accidental Release *806 Protection Certificate, . . . issued to plaintiff, Thomas Janicky . . . for the system located at 52 Kettle Creek Drive, Brick, NJ 08723, . . . is an insurance contract as a matter of New Jersey law; and it is further
. . . .
ORDERED adjudicated and declared that plaintiffs, Thomas Janicky and Karen Janicky, are entitled to all of the rights, protections, and privileges afforded to parties to insurance contracts under the laws of the State of New Jersey[.]
The parties then submitted a consent order to the trial court certifying that the order declaring that the ProGuard Certificate is a contract of insurance is "final pursuant to R. 4:42-2." This order recited that the "order holding that the subject ProGuard Certificate is insurance under New Jersey law . . . [is] eligible for execution." The trial court signed the consent order. Powderhorn Agency appeals from the declaratory order the trial court certified as a final judgment.
Under Rule 2:2-3(a)(1), an appeal as of right may be taken to the Appellate Division only from a "final judgment." To be a final judgment, an order generally must "dispose of all claims against all parties." S.N. Golden Estates, Inc. v. Cont'l Cas. Co., 317 N.J.Super. 82, 87, 721 A.2d 307 (App.Div.1998). "This rule, commonly referred to as the final judgment rule, reflects the view that `piecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice.'" Ibid. (quoting Frantzen v. Howard, 132 N.J.Super. 226, 227-28, 333 A.2d 289 (App.Div.1975)).
If an order is not a final judgment, a party must be granted leave to appeal by the Appellate Division. R. 2:2-4; R. 2:5-6(a). In recognition of the fact that "[i]nterlocutory appellate review runs counter to a judicial policy that favors an `uninterrupted proceeding at the trial level with a single and complete review[,]'" our appellate courts exercise their authority to grant leave to appeal "only sparingly." State v. Reldan, 100 N.J. 187, 205, 495 A.2d 76 (1985) (quoting In re Pennsylvania R.R., 20 N.J. 398, 404, 120 A.2d 94 (1956)).
Rule 2:2-3 treats certain limited categories of orders that do not dispose of all claims against all parties as "final judgments." One such order is an order that is certified as final under Rule 4:42-2, which provides in pertinent part:
If an order would be subject to process to enforce a judgment pursuant to R. 4:59 if it were final and if the trial court certifies that there is no just reason for delay of such enforcement, the trial court may direct the entry of final judgment upon fewer than all the claims as to all parties, but only in the following circumstances: (1) upon a complete adjudication of a separate claim; or (2) upon complete adjudication of all the rights and liabilities asserted in the litigation as to any party; or (3) where a partial summary judgment or other order for payment of part of a claim is awarded.
An order may be certified as final under Rule 4:42-2 only if it satisfies two preconditions: first, it must fall within one of the three numbered subparts of the rule, and second, it must be "subject to process to enforce a judgment pursuant to R. 4:59 if it were final[.]"
The purpose of Rule 4:42-2 is "to permit execution on a partial summary judgment fully adjudicating a separable claim for affirmative relief or all claims by and against a single party in multi-party litigation." D'Oliviera v. Micol, 321 N.J.Super. 637, 641, 729 A.2d 1084 (App. *807 Div.1999). The appealability of an interlocutory order certified as final under Rule 4:42-2 is solely "an ancillary consequence of [a] finality certification[.]" Ibid. Consequently, a party may not seek a finality certification to bypass this court's exclusive authority to determine whether to grant leave to appeal an interlocutory order. See Tradesoft Techs., Inc. v. Franklin Mut. Ins. Co., 329 N.J.Super. 137, 141, 746 A.2d 1078 (App.Div.2000). To prevent the improper use of a finality certification, we will "vacate such a certification if an order does not fall within the terms of R. 4:42-2[.]" S.N. Golden Estates, supra, 317 N.J.Super. at 88, 721 A.2d 307.
Judge Pressler has clearly explained both the proper use of a finality certification under Rule 4:42-2 and the inappropriateness of using such a certification to circumvent this court's exclusive authority to determine whether the interests of justice require review of an interlocutory order before entry of final judgment:
The rule makes clear that it is not any interlocutory order which is certifiable and that the certification technique is not available for the sole purpose of achieving interlocutory review. The "no just reason for delay" standard of the rule is limited to situations in which there is no reason to delay enforcement of the interlocutory order. Thus it is only an order susceptible to enforcement as a final order which is eligible for certification. This limited eligibility excludes orders dismissing as to particular parties, denying summary judgment, and indeed the whole panoply of orders which, if final, would confer no enforcement rights under R. 4:59.
The finality for appeal purposes of a certified partial judgment fully adjudicating a separable claim for affirmative relief is a collateral and not a primary consequence of the certification. The primary consequence is eligibility for execution. Hence it is a misuse of the rule for a trial court to "certify" as final a partial adjudication other than one granting affirmative relief in order that the adjudication be immediately appealable.
[Pressler, Current N.J. Court Rules, comment 2 on R. 4:42-2 (2008).]
This court has repeatedly disapproved of litigants' attempts to use Rule 4:42-2 as a device to secure appellate review of an interlocutory order without moving for leave to appeal. See, e.g., Leonardis v. Bunnell, 164 N.J.Super. 338, 340, 396 A.2d 357 (App.Div.1978), certif. denied, 81 N.J. 265, 405 A.2d 810 (1979); Delbridge v. Jann Holding Co., 164 N.J.Super. 506, 510-11, 397 A.2d 356 (App.Div.1978); DiMarino v. Wishkin, 195 N.J.Super. 390, 394-96, 479 A.2d 444 (App.Div.1984); Taylor v. Gen. Elec. Co., 208 N.J.Super. 207, 211, 505 A.2d 190 (App.Div.), certif. denied, 104 N.J. 379, 517 A.2d 388 (1986); Jacob v. Norris, McLaughlin & Marcus, 247 N.J.Super. 266, 269, 588 A.2d 1287 (App.Div.1991); Kurzman v. Appicie, 273 N.J.Super. 189, 191-92, 641 A.2d 566 (App. Div.1994); Cobo v. Mkt. Transition Facility, 293 N.J.Super. 374, 391 n. 8, 680 A.2d 1103 (App.Div.1996); Bloom v. Clara Maass Med. Ctr., 295 N.J.Super. 594, 606 n. 2, 685 A.2d 966 (App.Div.1996); Hallowell v. Am. Honda Motor Co., 297 N.J.Super. 314, 317-18, 688 A.2d 110 (App.Div. 1996); Fu v. Fu, 309 N.J.Super. 435, 439-40, 707 A.2d 473 (App.Div.1998), rev'd on other grounds, 160 N.J. 108, 733 A.2d 1133 (1999); S.N. Golden Estates, supra, 317 N.J.Super. at 87-88, 721 A.2d 307; D'Oliviera, supra, 321 N.J.Super. at 641-42, 729 A.2d 1084; Tradesoft, supra, 329 N.J.Super. at 141, 746 A.2d 1078; Caggiano v. Fontoura, 354 N.J.Super. 111, 125, 804 A.2d 1193 (App.Div.2002). Unfortunately, however, our numerous pronouncements *808 regarding the inappropriateness of using a finality certification to obtain review of an interlocutory order have gone unheeded.
The order from which this appeal has been taken transparently fails to qualify for certification as final under Rule 4:42-2. The order simply disposed of a single legal issue, which was whether the ProGuard Certificate that Point Bay Fuel sold to plaintiffs is a contract of insurance. The court's determination of this issue did not constitute "a complete adjudication of a separate claim[,]" Rule 4:42-2(1); "a complete adjudication of all rights and liabilities asserted . . . as to any party[,]" R. 4:42-2(2); or "a partial summary judgment or other order for part of a claim[.]" R. 4:42-2(3). Therefore, the order did not satisfy the first precondition of certification as a final judgment. Furthermore, the order would not be "subject to process to enforce a judgment pursuant to R. 4:59 if it were final" because it only determined a legal issue that undergirds plaintiffs' claims but did not adjudicate any of those claims and hence did not impose any liability upon defendants. Therefore, the order also did not satisfy the second precondition of a certification of finality under Rule 4:42-2.
Finally, we note that the Legislature has delegated authority and responsibility to the Department of Banking and Insurance to regulate the sale of insurance. N.J.S.A. 17:22A-26 to -49; see N.J. State AFL-CIO v. Bryant, 55 N.J. 171, 176, 260 A.2d 225 (1969). This delegation confers authority upon the Department to determine what constitutes insurance. Therefore, the amicus Fuel Merchants Association may appropriately call upon the Department to determine whether the ProGuard Certificate and other similar products fuel dealers sell are insurance that subject those dealers to the Department's regulatory authority.
Accordingly, the appeal is dismissed as interlocutory.