981 A.2d 96 (2009)
410 N.J. Super. 203
Thomas and Karen JANICKY, Plaintiffs-Respondents,
v.
POINT BAY FUEL, INC. and USF Insurance Company, Defendants, and
The Powderhorn Agency, Inc., Defendant-Appellant.
DOCKET NO. A-0867-08T3.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 2009.
Decided October 20, 2009.
M. Paige Berry, Princeton, argued the cause for appellant (Saul Ewing, attorneys; Ms. Berry, of counsel and on the briefs).
*97 Marc L. Dembling, Edison, argued the cause for respondents (Methfessel & Werbel, attorneys; Mr. Dembling and Allison M. Koenke, on the brief).
Maeve E. Cannon, Princeton, argued the cause for amicus curiae Fuel Merchants Association of New Jersey (Hill Wallack, attorneys; Ms. Cannon, of counsel and on the brief).
Vicki A. Mangiaracina, Deputy Attorney General, argued the cause for amicus curiae Commissioner of Banking and Insurance (Anne Milgram, Attorney General, attorney; Lewis A. Scheindlin, Assistant Attorney General, of counsel; Paul G. Witko, Deputy Attorney General, on the brief).
Before Judges SKILLMAN, FUENTES and SIMONELLI.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This case is before us for the second time.
Defendant Powderhorn Agency is the promoter and administrator of a fuel oil service protection program called a "ProGuard Accidental Release Protection Certificate," which entitles purchasers to reimbursement for the costs of cleaning up oil accidentally released from their fuel oil systems and repairing or replacing those systems. ProGuard Certificates are sold by fuel oil dealers to owners of fuel oil systems.
Defendant Point Bay Fuel, a fuel oil dealer, sold a ProGuard Certificate to plaintiffs, whose home is heated by fuel oil. Point Bay forwarded plaintiffs' payment for the Certificate to Powderhorn Agency, which obtained insurance from defendant USF Insurance Company for the obligations Point Bay assumed under the Certificate.
On August 22, 2003, plaintiffs discovered an accidental fuel oil discharge on their property and subsequently submitted a claim to defendants for the costs of cleanup. However, defendants refused to pay part of plaintiffs' claim.
As a result, plaintiffs filed a six-count complaint against Point Bay, Powderhorn Agency and USF for breach of the contractual obligations undertaken by defendants under the ProGuard Certificate. This complaint also asserted claims for violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, based on defendants' alleged failure to disclose that Point Bay was not authorized to issue insurance, and of statutes governing the sale of insurance.
In response to cross-motions for summary judgment, the trial court issued a letter opinion on July 24, 2006, which concluded that the ProGuard Certificate is a contract of insurance. Based on this ruling, the court entered an order which declared that plaintiffs "are entitled to all of the rights, protections, and privileges afforded to parties to insurance contracts."
Although the trial court's ruling was purely declaratory and did not grant plaintiffs affirmative relief on any of their claims, the court certified the order as a final judgment under Rule 4:42-2, and Powderhorn Agency filed an appeal. We concluded in a published opinion that the order had been improperly certified as final and dismissed the appeal as interlocutory. Janicky v. Point Bay Fuel, Inc., 396 N.J.Super. 545, 935 A.2d 803 (App.Div. 2007).
Thereafter, the parties settled the case. Under the terms of the settlement, five counts of plaintiffs' complaint were dismissed, and a judgment for $8,750 was *98 entered in plaintiffs' favor on the remaining count. The settlement was memorialized by a "Final Order for Judgment," which was entered on September 2, 2008. The order recites, "The undersigned hereby consents to the form and entry of the within Order[,]" followed by the signatures of counsel for both parties.
Despite the settlement of the case, Powderhorn Agency filed a notice of appeal. Although the appeal is nominally taken from the September 2, 2008 consent "Final Order for Judgment[,]" it is directed solely at the 2006 order declaring that the ProGuard Certificate is a contract of insurance, which was the subject of our opinion dismissing the Powderhorn Agency's prior appeal as interlocutory.
The threshold issue presented by this appeal is whether the September 2, 2008 consent judgment is appealable.
An "order ... consented to by the attorneys for each party ... is ... not appealable." Winberry v. Salisbury, 5 N.J. 240, 255, 74 A.2d 406 (1950); see also DeAngelis v. Rose, 320 N.J.Super. 263, 280-81, 727 A.2d 61 (App.Div.1999). Moreover, even though a consent judgment could reserve the right of a party to appeal an interlocutory order by providing that the judgment would be vacated if the interlocutory order were reversed on appeal, the September 2, 2008 consent judgment does not include such a provision, and we confirmed at oral argument that plaintiffs will be entitled to retain the $8,750 awarded them under that judgment regardless of the outcome of this appeal. Consequently, plaintiffs have no economic stake in a ruling by this court as to whether the ProGuard Certificate is a contract of insurance. For this reason, we conclude that there is no longer a justiciable controversy between the parties. See Howard Sav. Inst. v. Peep, 34 N.J. 494, 499, 170 A.2d 39 (1961) (holding that "[o]nly a party aggrieved by a judgment may appeal therefrom" and that generally "to be aggrieved a party must have a personal or pecuniary interest or property right adversely affected by the judgment in question"); see also Daly v. High Bridge Teachers' Ass'n, 242 N.J.Super. 12, 15-16, 575 A.2d 1373 (App.Div.1990).
Even though both parties consented to entry of a judgment concluding this case and thus there is no continuing controversy between them, the amicus curiae Fuel Merchants Association urges us to decide whether the ProGuard Certificate is a contract of insurance because its members regularly engage in the sale of such Certificates and the trial court's July 24, 2006 letter opinion has created uncertainty concerning the legality of this business activity. However, our courts will not issue an advisory opinion if there is no genuine controversy between the parties, and for a question to be justiciable, there must be "an actual dispute between parties who have a sufficient stake in the outcome." N.J. Ass'n for Retarded Citizens, Inc. v. N.J. Dep't of Human Servs., 89 N.J. 234, 241, 445 A.2d 704 (1982).
Although our courts will occasionally decide a controversy that has become moot because the issue is of "substantial importance, likely to reoccur, but capable of evading review," Bd. of Educ. of Sea Isle City v. Kennedy, 196 N.J. 1, 18, 951 A.2d 987 (2008), this is not such a case. The issue of whether the ProGuard Certificate is a contract of insurance is not "capable of evading review." Ibid. Indeed, if the parties had not voluntarily elected to enter into a settlement agreement resolving all of plaintiffs' claims, the issue would have been presented for review in this case.
Moreover, as we pointed out in our prior opinion, "the Legislature has delegated *99 authority and responsibility to the Department of Banking and Insurance to regulate the sale of insurance[,]" which includes the determination of "what constitutes insurance." 396 N.J.Super. at 553, 935 A.2d 803. Therefore, if the determination whether the ProGuard Certificate is a contract of insurance is a question of substantial importance that requires resolution, "the amicus Fuel Merchants Association may appropriately call upon the Department to determine whether the ProGuard Certificate and other similar products fuel dealers sell are insurance that subject those dealers to the Department's regulatory authority." Ibid.
Accordingly, the appeal is dismissed.