**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3912-15T2

STATE OF NEW JERSEY IN THE
MATTER OF COREY BAKER

_____

Submitted May 10, 2017 — Decided June 12, 2017

Before Judges Lihotz and Whipple.

On appeal from State of New Jersey, Law
Division, Middlesex County.

Law Offices of Jef Henninger, attorney for
appellant Corey Baker (Mr. Henninger, on the
brief).

Andrew C. Carey, Middlesex County Prosecutor,
attorney for respondent State of New Jersey
(Jason Boudwin, Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Corey Baker appeals from a March 23, 2016 order denying his
permit to carry a handgun. The appeal is dismissed.

In September 2015, Baker filed an application with the
Hamilton Barracks of the New Jersey State Police for a permit to
carry a handgun, and a State Police investigator approved his

application. In accordance with firearm licensing instructions for first time applicants, Baker completed and submitted certain documents. As part of his application, Baker included a consent to search New Jersey mental health records, a form indicating completion of a gun safety course by certified instructor, and a letter from his employer, stating "[c]arrying a firearm is essential to the performance of his/her job and the security of the operation."

Baker had lived in North Carolina for some time between 2011 and 2012. He signed waivers to provide mental health records from North Carolina. He presented a letter, dated April 2012, from East Carolina Behavioral Health. The letter provided there were no records for applicant within their "ten-county catchment area." The letter went on to explain,

> We do not have records of the North Carolina Department of Human Resources or any other state, federal, or private mental or substance abuse institution. Furthermore, in order for you to be informed as to whether the applicant has ever been "adjudicated or administratively determined to be, lacking mental capacity, or mentally ill" (N.C.G.S. 14-415.12(H)(6)[)], the applicant should present to you such certification from the Clerk of the Superior Court.

On March 23, 2016, the application was presented to a Superior Court judge pursuant to N.J.S.A. 2C:58-4, who entered an order denying the permit without prejudice. Because the letter was from

2012, three years prior to the permit application, the judge determined the information was stale. The judge also found the information was not adequate. He explained the applicant was required to get a certification from the clerk of the Superior Court in North Carolina.

Thus, the judge denied the application without prejudice, encouraging Baker to obtain the certification, at which point he would rehear the matter. Rather than provide the court with the appropriate certification, Baker appealed.

Rule 2:2-3(a)(1) provides appeals as of right may only be taken from a final judgment of the trial court. The court's order must dispose of all claims of all parties. In Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 550 (App. Div. 2007), we stated,

> If an order is not a final judgment, a party must be granted leave to appeal by the Appellate Division. R. 2:2-4; R. 2:5-6(a). In recognition of the fact that "[i]nterlocutory appellate review runs counter to a judicial policy that favors an 'uninterrupted proceeding at the trial level with a single and complete review[,]'" our appellate courts exercise their authority to grant leave to appeal "only sparingly." State v. Reldan, 100 N.J. 187, 205 (1985) (quoting In re Pa. R.R., 20 N.J. 398, 404 (1956)).

Baker's petition was denied, but he still had a viable course of action because the trial court was still in a position to entertain

A-3912-15T2

jurisdiction. The judge denied the application without prejudice, so Baker may still obtain the proper documentation and refile for a permit to carry a firearm. That being so, plaintiff was obliged to seek leave of this court for interlocutory review. R. 2:2-3(b). He failed to do so.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3912-15T2