**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3939-16T1

RHONDA HELLER,

     Plaintiff-Appellant,

v.

WILLIAM HELLER, JR.,

     Defendant-Respondent.

_____

Submitted October 2, 2018 – Decided  February 1, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-1262-13.

Neil I. Sternstein, attorney for appellant.

Archer & Greiner PC, attorneys for respondent (Jennie A. Owens, on the brief).

PER CURIAM

Plaintiff Rhonda Heller appeals from the Family Part's April 12, 2017 order that incorporated the terms of a Qualified Domestic Relations Order (QDRO). We affirm.

In addition to a brief factual background, we include a detailed discussion of the procedural history related to the April 12, 2017 order because that history informs our decision. On January 14, 2014, the court entered a Final Judgment of Divorce (JOD), which dissolved the 33-year marriage between plaintiff and defendant William Heller, and incorporated a twenty-one page Property Settlement Agreement (PSA). The PSA resolved the issues of alimony, life insurance, and equitable distribution.

Pursuant to section C.1(a) of the PSA, and in consideration for defendant's assumption of the negative equity in the former marital home and his agreement to pay the joint marital credit card debt, plaintiff agreed to accept $325 a week in permanent alimony. Defendant's alimony obligation would "begin to be payable . . . on the first Friday of the week following [plaintiff's] payment to [defendant] of the sum of $25,000." Section C.7 directs plaintiff to make a "one-time lump sum payment of $25,000" upon receipt of her portion of defendant's 401(k). Paragraph C.5(g)(ii) of the PSA also included a provision for the preparation of a QDRO to distribute the parties' retirement accounts in

2

equal shares. The parties agreed that the QDRO would be prepared by Lois Fried, CPA.

Shortly after the JOD was entered, the parties engaged in extensive motion practice related to its enforcement. On November 10, 2015, defendant filed a post-judgment motion seeking to enforce paragraph C.7 by requiring plaintiff to immediately make the $25,000 payment, terminate defendant's alimony obligation as a result of plaintiff's cohabitation, and for counsel fees.

Plaintiff opposed the motion and cross-moved requesting, among other relief, that paragraph C.1(a) be deemed "void as violative of public policy and an unlawful penalty clause." Plaintiff argued that defendant's interpretation of section C.1(a) – that his obligation to pay alimony was not triggered until plaintiff paid $25,000 – violated public policy, as it provided defendant with the unreasonable "economic power" to postpone his alimony obligation. Instead, plaintiff maintained that under section C.1(a), defendant's alimony obligation began to accrue immediately, but payments "would be delayed" until she made the $25,000 payment to defendant.

The court heard oral arguments and entered an order on January 15, 2016, "grant[ing] in part and deny[ing] in part" defendant's application and directing the parties to engage in forty-five days of discovery to explore the factual and

A-3939-16T1

legal issues raised by the motion. The order also provided the parties sixty days after the discovery period to resolve any issues raised by the motion.

During the discovery period permitted by the January 15, 2016 order, defendant sought to depose plaintiff's former counsel to ascertain plaintiff's understanding of paragraph C.1(a). Plaintiff moved to quash the subpoena.

On March 18, 2016, the court entered an order denying plaintiff's motion, rescheduling the deposition, compelling plaintiff to comply with outstanding discovery, and awarding defendant $1,000 in attorney's fees. The court also denied plaintiff's request for attorney's fees.

On April 20, 2016, after the parties completed discovery, defendant filed a motion for summary judgment requesting that his alimony obligation be suspended until he received the $25,000 payment from plaintiff. On June 17, 2016, after hearing oral arguments and finding the terms of the PSA clear, the court entered an order granting defendant's motion, requiring plaintiff to immediately pay defendant $25,000, and awarding defendant $7,500 in attorney's fees. The June 17, 2016 order also enforced the $1,000 attorney's fee award memorialized in the March 18, 2016 order and imposed a monetary sanction of $25 for each day after June 27, 2016 that plaintiff failed to provide documents requested by Lois Fried to complete the QDRO.

 A-3939-16T1

Plaintiff filed a notice of appeal from the June 17, 2016 order on July 29, 2016 and certified that the June 17, 2016 order was final as it disposed of "all issues, as to all parties." On August 15, 2016, the Appellate Division Clerk sent plaintiff's counsel a letter questioning the finality of the June 17, 2016 order in light of the language in the order that the $7,500 fee award was "without prejudice."

The Clerk advised plaintiff that if she considered the June 17, 2016 order to be interlocutory, and was beyond the twenty-day deadline for filing a motion for leave to appeal, she should "either file a motion for leave to appeal as within time or an appeal as of right when final judgment or decision is entered." However, if plaintiff maintained that the June 16, 2016 order was final, the Clerk informed her to "send a letter of explanation" within fifteen days. Plaintiff failed to respond to the August 15, 2016 letter by motion or otherwise, and we dismissed her appeal on September 14, 2016.

Thereafter, the parties continued to engage in post-judgment motion practice. On December 2, 2016, the court entered an order enforcing the June 17, 2016 order's requirement that plaintiff provide the necessary documents to Lois Fried in order to complete the QDRO. The court also mandated plaintiff pay $450 to defendant for her share of the QDRO calculation fees; sanctioned

plaintiff $1,950 for her failure to provide the requested documents to Lois Fried by June 27, 2016, pursuant to the June 17, 2016 order;[1] and granted an additional $1,500 in counsel's fees to defendant to be included within the calculations for the QDRO.

The court also permitted defendant to conduct post-judgment discovery in the event plaintiff failed to provide the necessary documents to prepare the QDRO. Defendant accordingly subpoenaed Fidelity Investments and, after receiving responsive documents, forwarded them to Lois Fried who promptly prepared the QDRO consistent with the PSA.

Defendant submitted the QDRO to the court in accordance with Rule 4:42-1(c). Having received no objection to the proposed order after nearly two weeks, the court entered the QDRO on April 12, 2017.

On May 19, 2017, plaintiff filed a notice of appeal from "from [a]ll orders entered by the court from January 1, 2016 through April 12, 2017, including orders entered on . . . January 15, 2016, March 18, 2016, June 17, 2016, and April 12, 2017." On June 22, 2017, the Clerk sent plaintiff's counsel a letter

---

[1] The court's sanction award was based on plaintiff's failure to produce the documents for a seventy-eight-day period – from June 27, 2016, when the documents were required to be submitted, to September 13, 2016. The court noted that it lacked sufficient information to award sanctions beyond that date.

stating that the notice of appeal was not timely with respect to the March 18, 2016, June 17, 2016, and December 2, 2016 orders, and the appeal could only proceed with respect to the April 12, 2017 order.

On August 17, 2017, plaintiff filed a motion and a supporting brief seeking to prosecute an appeal out of time with respect to the March 18, 2016, June 17, 2016, and December 2, 2016 orders, and argued that those orders were not final when entered.[2] Defendant opposed the motion and argued that with the exception of the April 12, 2017 order, plaintiff was out of time to seek appellate review of the court's orders.

On September 5, 2017, we denied plaintiff's motion and expressly limited this appeal to consideration of the April 12, 2017 order. Plaintiff failed to challenge that order by way of reconsideration under Rule 2:11-6 or by seeking Supreme Court review pursuant to Rule 2:2-2.

Plaintiff filed a brief that continued to challenge the merits of the March 18, 2016, June 17, 2016, and December 2, 2016 orders. Accordingly, in a November 14, 2017 letter, the Clerk informed plaintiff that her brief and appendix were deficient and directed her to file a revised brief and appendix

---

[2] Plaintiff's position that the June 17, 2016 order was interlocutory was contrary to her representations in the July 29, 2017 Notice of Appeal that the June 17, 2016 order was final.

correcting the noted deficiencies. Plaintiff failed to correct the deficiencies within the time period provided and, on January 9, 2018, we dismissed the appeal. On February 15, 2018, we vacated the dismissal, reinstated the appeal, and ordered plaintiff to file a conforming brief and appendix by March 9, 2018.

Despite our September 5, 2017 order limiting the appeal to a review of the April 12, 2017 order, and our January 9, 2018 order striking her brief and appendix as nonconforming, plaintiff continues to challenge the propriety of the December 2, 2016 order. Plaintiff maintains the court improperly incorporated the attorney's fees and sanction awards memorialized in the December 2, 2016 order into the April 12, 2017 order because there was no basis to sanction plaintiff, a plenary hearing was required to resolve disputed factual issues, and the court failed to provide appropriate findings of fact and conclusions of law. She also claims that the QDRO should be vacated because the "monetary award is based upon false information." We disagree.

With respect to the April 12, 2017 order, defendant submitted a proposed form of order to effectuate paragraph C.5(g)(ii) of the PSA, which required the entry of a QDRO to distribute the parties' retirement accounts. Having failed to receive any objection from plaintiff, the court properly entered the order after a five-day period elapsed, in accordance with Rule 4:42-1(c). Other than claiming

that the April 12, 2017 order does not expressly state the amount of the sanction and counsel fee award in the order, plaintiff's brief contains statements unsupported by record citation and fails to identify any provision of the QDRO that was not authorized by the PSA or was substantively erroneous. We therefore consider any issue waived. Liebling v. Garden State Indem., 337 N.J. Super. 447, 465-66 (App. Div. 2001) ("[A]n issue not briefed . . . is deemed waived.").

We also reject plaintiff's continued challenge to the December 2, 2016 order on both procedural and substantive grounds. Procedurally, we issued our September 5, 2017 order despite plaintiff's claim that the December 2, 2016 order was interlocutory and thus reviewable in the context of the April 12, 2017 final order. We consider appeals from final orders of a trial court and other orders expressly designated as final for purposes of appeal. R. 2:2-3(a)(1), (3). "To be a final judgment, an order generally must 'dispose of all claims against all parties.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007) (quoting S.N. Golden Estates, Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)). A final order disposes of all claims "either on the entire controversy or on some definite and separate branch thereof, and which concludes them until it is reversed or set aside . . . ." Adams v. Adams, 53 N.J.

Super. 424, 429 (App. Div. 1959). This "final judgment rule, reflects the view that piecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice." Janicky, 396 N.J. Super. at 550 (alterations in original) (internal quotation marks omitted). The court's December 2, 2016 order was final, as the only outstanding issue related to defendant's entitlement to obtain documents to finalize the QDRO, an obligation established in the PSA. That right to engage in post-judgment discovery does not render the December 2, 2016 order interlocutory. As plaintiff failed to file a notice of appeal from the December 2, 2016 order within forty-five days of its entry as required by Rule 2:4-1, she was out of time to seek review of that order.

However, even were we to address plaintiff's substantive challenges to the December 2, 2016 order, our review of the record confirms that the court properly awarded defendant attorney's fees and sanctioned plaintiff. We review a trial court's award of attorney's fees for an abuse of discretion. Chestone v. Chestone, 285 N.J. Super. 453, 468 (App. Div. 1995) (citing Williams v. Williams, 59 N.J. 229, 233 (1971)). The decision to award counsel fees "in a matrimonial action rests in the discretion of the trial court," Addesa v. Addesa, 392 N.J. Super. 58, 78 (App. Div. 2007), and will be disturbed "only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v.

Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Similarly, the trial court possesses discretion to impose appropriate sanctions. Parish v. Parish, 412 N.J. Super. 39, 52-54 (App. Div. 2010).

In awarding defendant attorney's fees, the court, who was fully familiar with the extensive post-judgment motion practice between the parties, relied expressly upon Rule 5:3-5 and Williams. At the time it entered the December 2, 2016 order, defendant had been forced to file multiple enforcement motions seeking to obtain routine retirement documents necessary to prepare the QDRO and effectuate other provisions of the PSA.[3] Under these circumstances, we conclude the court did not abuse its discretion in granting defendant $1,500 in attorney's fees that were clearly related to counsel's briefing and appearance at the December 2, 2016 proceeding. Likewise, the court's sanction award of $1,950 was supported by the record as it was grounded in plaintiff's continued failure to provide documents to Lois Fried that defendant obtained after sending a simple subpoena to Fidelity Investments.

---

[3] For example, despite failing to provide a copy of the transcript from the March 18, 2016 proceeding, defendant concedes that in the court's oral decision, it characterized the motion practice that led to that order as "unnecessary."

A-3939-16T1

To the extent not addressed, plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3939-16T1