**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3388-18T1

ALMA MILEY,

     Plaintiff-Appellant,

v.

ANDREW M. FRIEL,

     Defendant-Respondent.

_____

Argued December 10, 2019 – Decided January 9, 2020

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0084-18.

Mario A. Iavicoli argued the cause for appellant.

Harold H. Thomasson argued the cause for respondent (Amy F. Loperfido & Associates, attorneys; Harold H. Thomasson, on the brief).

PER CURIAM

In this automobile accident case, plaintiff Alma Miley appeals the Law

Division's summary judgment dismissal of her personal injury and property

damages complaint against defendant Andrew M. Friel, the driver of the car that struck plaintiff. Because we conclude genuine issues of material fact precluded summary judgment, we reverse.

When reviewing an order granting summary judgment, we apply the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). A court should grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We owe no special deference to the motion judge's conclusions on issues of law. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). We therefore consider the facts in a light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

The accident occurred at the intersection of Holly and High Streets in Glassboro, when the front end of the vehicle driven by plaintiff was struck by the car driven by defendant. Plaintiff's direction of travel was controlled by a stop sign; defendant's direction of travel was not.

Plaintiff claimed she "stopped at [the] stop sign on Holly Avenue [sic] and looked both ways, proceeded into the intersection" traveling five to seven miles per hours "when in the middle of the intersection, almost to the other side" the

2

front end of her vehicle was struck by defendant's vehicle. Further, "defendant was driving well above the speed limit[,]" causing the collision. As a result of the impact, plaintiff's car jumped the curb, landing on a residential front lawn.

Defendant's version of the events differed significantly. He claimed he was traveling twenty miles per hour while plaintiff was traveling "probably [thirty], [forty] miles an hour" but "definitely over the speed limit" at the time of the impact. Defendant stated he noticed plaintiff's vehicle "at the very last second . . . when she was coming through" the intersection.

Defendant's passenger partially corroborated and partially contradicted the accounts of both parties. According to the passenger, "both vehicles [we]re traveling about the same speed" at the time of impact: plaintiff was traveling "at least [thirty-five] to [forty] miles per hour"; defendant was traveling approximately thirty-five miles per hour. Defendant's passenger testified there was no "indication that [plaintiff] attempted to stop before the impact . . . ."

Prior to the close of discovery, defendant moved for summary judgment, arguing the record was devoid of any evidence demonstrating defendant was speeding at the time of impact. Plaintiff countered the record "at least" supported a comparative negligence theory. Plaintiff also argued the stop sign was erected without prior approval of the Commissioner of Transportation

pursuant to N.J.S.A. 39:4-8 and N.J.S.A. 39:4-202, rendering the intersection uncontrolled. Because she was the first vehicle to enter the intersection, plaintiff claimed she had the right of way.

Following argument, the motion judge rendered an oral decision, supplemented by a written decision, granting defendant's motion. The judge concluded "the evidence [wa]s so in favor of [d]efendant that [p]laintiff ha[d] not stated a claim from which . . . reasonable minds could differ in deciding that [plaintiff] was not at least [fifty-one percent] or more at fault." In reaching his decision, the judge found "[p]laintiff had the stop sign and [d]efendant had the right of way . . . . Moreover, there [wa]s no evidence to indicate what speed would be necessary to push a car the distance [p]laintiff's was pushed under all the circumstances."

According to the judge, the "conflicting testimony of the speeds of the involved cars would have to be reviewed scientifically . . . requiring expert testimony." Because discovery had not yet closed, the motion judge dismissed plaintiff's complaint without prejudice, affording her the opportunity to retain an accident reconstruction expert to opine that the vehicle driven by defendant

was speeding at the time of impact.[1]  The judge also rejected plaintiff's argument that the stop sign was illegal.

On appeal, plaintiff renews her arguments, asserting the motion judge erred in granting defendant's motion for summary judgment.  More particularly, plaintiff presents the following points for our consideration:

> I.    THE STOP SIGN AT HOLLY AND HIGH STREETS, GLASSBORO, NJ, IS ILLEGAL AND THEREFORE OF NO LEGAL EFFECT SINCE GLASSBORO DID NOT ADOPT AN ORDINANCE APPROVING THE INSTALLATION OF THE STOP SIGN AND SINCE THE COMMISSIONER OF THE NJ DEPARTMENT OF TRANSPORTATION DID NOT APPROVE THE INSTALLATION OF THE STOP SIGN AND GLASSBORO VIOLATED THE LAW REGARDING THE INSTALLATION OF THAT STOP SIGN.
>
> II.   . . . PLAINTIFF HAS DEMONSTRATED THAT SUFFICIENT EVIDENCE EXISTS IN THE RECORD THAT SUPPORTS A DENIAL OF THE SUMMARY JUDGMENT MOTION BECAUSE, AMONG OTHER FACTORS, . . . DEFENDANT ON [FEBRUARY 5, 2016] WAS SPEEDING, DID NOT YIELD THE RIGHT OF WAY AT THE

---

[1]  An order dismissing plaintiff's complaint with prejudice was not provided on appeal, but it is undisputed that plaintiff did not retain an accident reconstructionist before the close of discovery.  Because the order under review "dispose[d] of all claims against all parties[,]" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007), it is a final judgment appealable as of right.  R. 2:2-3(a)(1).

A-3388-18T1

CONTROLLED INTERSECTION, FAILED TO MAKE PROPER OBSERVATIONS, NEVER SAW [PLAINTIFF'S] VEHICLE BEFORE IMPACT, AND THE TRIAL COURT DECISION SHOULD BE REVERSED.

III. THE [TRIAL] COURT COMMITTED ERROR IN ITS RULING THAT THERE WAS NO EVIDENCE OF . . . DEFENDANT'S NEGLIGENCE, EVEN THOUGH THE [TRIAL] COURT FOUND THAT . . . DEFENDANT WAS EXCEEDING THE SPEED LIMIT IMMEDIATELY BEFORE THE ACCIDENT AND BY RULING THAT . . . PLAINTIFF WAS LEGALLY REQUIRED TO OBEY AN ILLEGALLY INSTALLED STOP SIGN.

At the outset, we have carefully considered plaintiff's contentions in points I and III that challenge the legal effect of the unapproved stop sign in view of the governing law and conclude they lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

As the motion judge accurately determined, "the administrative procedure towns must follow to install stop signs does not negate a driver's responsibility to follow the rules of the road[,]" requiring plaintiff "to follow the stop sign for the notice it gave to stop and make observations." Quoting N.J.S.A. 39:4-144, the judge recognized plaintiff then "was required to 'proceed only after yielding the right of way to all vehicular traffic on the intersecting street which [wa]s so

6

close as to constitute an immediate hazard.'" See Davidson v. Fornicola, 38 N.J. Super. 365, 379 (App. Div. 1955) (observing the unlawful installation of a stop sign does not render the sign ineffective for purposes of imposing civil liability because "[m]otorists may reasonably expect that a stop sign will be respected, otherwise it will become a trap to innocent persons who rely upon it.").

Turning to the arguments raised in points II and III, we agree with plaintiff that genuine issues of material fact required resolution by a jury. In an automobile negligence action, "[q]uestions of proper speed and control of a vehicle are pre-eminently questions of fact for the jury to determine." Universal Underwriters Grp. v. Heibel, 386 N.J. Super. 307, 321 (App. Div. 2006). We also have observed the "favored driver" approaching an intersection "has a continuing duty to exercise due care even though the disfavored driver has a stop sign to obey." Piccone v. Stiles, 329 N.J. Super. 191, 195 (App. Div. 2000).

In Piccone, we found summary judgment improper – where the parties disputed whether the defendant entered an intersection at an excessive speed and adequately observed the roadway – even though the defendant had the right of way. Id. at 195-96. We noted the defendant's "obligation to make proper observations and to take action to avoid an accident [wa]s still very much in issue, especially . . . where an intersection accident took place." Id. at 195.

7

Accordingly, we held "it must be left to the jury to determine who was negligent, and, assuming that comparative fault is found, what appropriate percentage of negligence should be allocated to each of the parties at fault." Id. at 196; see also Town of Kearny v. Brandt, 214 N.J. 76, 98 (2013) (observing that the factfinder must "assign to each party . . . a percentage of fault" when evaluating comparative negligence); N.J.S.A. 2A:15-5.2.

We conclude from our review of the record there are material issues of fact as to whether defendant made proper pre-accident observations and whether he took reasonable and effective measures to avoid the accident. In our view, the facts are not so "one-sided" that defendant is entitled to prevail as a matter of law. Brill, 142 N.J. at 540.

We also disagree with the motion judge that expert testimony is necessary to resolve the conflicting versions of the speed of both vehicles at the time of the collision. While expert testimony can assist the trier of fact, our Supreme Court has observed "[t]raditional examples of permissible lay opinions include the speed at which a vehicle was traveling." State v. McLean, 205 N.J. 438, 457 (2011); see also State v. Hyman, 451 N.J. Super. 429, 442 (App. Div. 2017); N.J.R.E. 701 ("[T]he [lay] witness' testimony in the form of opinions . . . may be admitted if it . . . is rationally based on the perception of the witness and . . .

will assist . . . in determining a fact in issue."). Accordingly, the parties and defendant's passenger may all testify as to their perceptions of each vehicle's speed as the accident unfolded, without the necessity of expert testimony.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3388-18T1