**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2855-19

JAMES STAHL,

     Plaintiff-Respondent,

v.

LOIS STAHL n/k/a
CALMAN,

     Defendant-Appellant.

_____

Submitted April 28, 2021 – Decided June 11, 2021

Before Judges Alvarez, Geiger, and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1369-07.

Pellettieri Rabstein & Altman, attorneys for appellant (John A. Hartmann, III, of counsel and on the briefs; Nicole J. Huckerby, on the briefs).

Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, attorneys for respondent (Anthony B. Vignuolo, on the brief).

PER CURIAM

In 2019, plaintiff James Stahl filed a motion for reduction or termination of spousal support payable to defendant Lois Stahl, now known as Calman. Plaintiff is a practicing attorney in Middlesex, the county of venue, albeit never in the Family Part. Plaintiff's counsel, a partner in plaintiff's firm, is the father of a judge in that county, who was then sitting on the civil bench.

The Family Part judge's February 13, 2020 order denied defendant's application for a change of venue. Although spousal support was not reduced, defendant appeals. She had argued that plaintiff's professional standing, and representation by the parent of a judge in that county, presented either an actual conflict or the impermissible appearance of conflict, mandating the relief. A member of the "legal community" allegedly told her she would not receive a fair hearing for those reasons. She also appeals from that portion of the order, which while denying plaintiff's application because it did not establish a prima facie case of changed circumstances, nonetheless authorized the parties to engage in "financial discovery [] regarding the issues presented" in plaintiff's application. Finally, she appeals the court's denial, made without explanation, of her request for counsel fees. We affirm rejection of the change of venue application, vacate

2

the order allowing discovery in a closed matter, and remand for reconsideration of counsel fees, to be decided with a statement of reasons.

## I.

Venue is laid in the county in which the cause of action arises, and in this case is properly in the county where the divorce was granted and the parties reside. See R. 5:7-1. Pursuant to Rule 4:3-3, made applicable to Family Part proceedings by Rule 5:2-2, defendant filed for a change of venue asserting there was "a substantial doubt that a fair and impartial trial can be had in the county where venue is laid." R. 4:3-3(a)(2).

Venue has been described, not as a jurisdictional issue, but rather, as one regarding procedure, implicating both the fair and efficient administration of justice and the convenience of the parties. State Dep't of Env't Prot. v. Middlesex Cnty. Bd. of Chosen Freeholders, 206 N.J. Super. 414, 420 (Ch. Div. 1985), aff'd o.b., 208 N.J. Super. 342 (App. Div. 1986).

We do not agree that there is a substantial doubt, as the rule requires, that a fair and impartial hearing can be conducted regarding the parties' dispute. We employ an abuse of discretion standard of review. See State v. Dalal, 221 N.J. 601, 609 (2015).

A-2855-19

In this case, the claim is somewhat novel. Properly styled as a motion for a change of venue, the heart of the argument is that the Family Part of the county must recuse itself because of plaintiff's standing in the legal community and the parentage of one of the many judges in this vicinage. We thus examine the question, which implicates recusal, pursuant to In re Advisory Letter No. 7-11 of the Supreme Court Advisory Committee, 213 N.J. 63 (2013). No bright-line rule can be applied—rather, in recusal cases, the question is "[w]ould a reasonable, fully informed person have doubts about the judge's impartiality?" Id. at 75. Looking at the situation from that vantage point, we conclude the recusal of the Family Part judges in this county is not necessary; no change of venue is required.

In In re Advisory Letter, where a family relationship existed, the remedy was the disqualification of a particular municipal court judge from cases in which his son's police department was involved. Id. at 77. The judge was also prohibited from serving as the "Chief Judge supervising the two judges who adjudicate matters pertaining to" that police department. Ibid. As the Court explained there, the disqualification of a judge is "mandated" only when a judge's impartiality "might reasonably be questioned." Id. at 75 (quoting Code of Judicial Conduct, Cannon 3).

4                                                                    A-2855-19

Reasonable questions about the fairness and impartiality of the bench of an entire county cannot be established, however, based on an amorphous suspicion. Litigants are entitled to assume the playing field is level. But a passing comment made to a party to a lawsuit is not a reasonable basis to doubt the fairness of an entire bench and transfer the matter to another county. The passing comment does not establish that judges in this county would be less than objective or impartial than judges in another. See ibid.

In re Advisory Letter addresses the remedy for familial relationships, which is disqualification, not transfer. Unquestionably, the judge in this vicinage cannot hear matters in which her father's firm represents a party. R. 1:12-1(b). That is precisely the type of familial or personal connection that requires recusal. See In re Advisory Letter, 213 N.J. at 66; In re Russo, 242 N.J. 179, 194-95 (2020) (holding a judge should have recused himself when he was assigned a criminal matter where the defendant was a friend from high school); DeNike v. Cupo, 196 N.J. 502, 506-07 (2008) (holding it was improper for a judge to preside over a case where he was in post-retirement employment negotiations with a firm representing one of the parties); Chandok v. Chandok, 406 N.J. Super. 595, 605 (App. Div. 2009) (holding a judge should have recused himself when his former law firm partner, with whom he had a falling out,

appeared in front of him); P.M. v. N.P., 441 N.J. Super. 127, 142 (App. Div. 2015) (holding that where defense counsel engaged in employment-related discussions with the law clerk, remand was necessary to determine whether the law clerk "substantially participated" in the case).

Plaintiff's attorney's familial relationship with a different judge in the vicinage does not necessitate a change of venue. Because a familial relationship disqualifies a particular judge does not require disqualification of the entire vicinage.

Rule 1:12-1 provides that a judge shall be disqualified on the court's own motion, if the judge:

> (a)    is by blood or marriage the second cousin of or is more closely related to any party to the action;
>
> (b)    is by blood or marriage the first cousin of or is more closely related to any attorney in the action. This proscription shall extend to the partners, employers, employees or office associates of any such attorney except where the Chief Justice for good cause otherwise permits;
>
> (c)    has been attorney of record or counsel in the action;
>
> (d)    has given an opinion upon a matter in question in the action;
>
> (e)    is interested in the event of the action;

A-2855-19

(f) has discussed or negotiated his or her post-retirement employment with any party, attorney or law firm involved in the matter; or

(g) when there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so.

Paragraphs (c), (d) and (e) shall not prevent a judge from sitting because of having given an opinion in another action in which the same matter in controversy came in question or given an opinion on any question in controversy in the pending action in the course of previous proceedings therein, or because the board of chosen freeholders of a county or the municipality in which the judge resides or is liable to be taxed are or may be parties to the record or otherwise interested.

Nonetheless, judges may not "err on the side of caution," State v. Marshall, 148 N.J. 89, 276 (1997), and "[i]t is improper for a judge to withdraw from a case upon a mere suggestion that he is disqualified 'unless the alleged cause of recusal is known by him to exist or is shown to be true in fact,'" Panitch v. Panitch, 339 N.J. Super. 63, 66-67 (App. Div. 2001) (quoting Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986)).

We thus return to the starting question, which we review de novo—whether a reasonable, fully informed person would doubt an individual judge's impartiality in this scenario. See Dalal, 221 N.J. at 606-07. Suggesting that

7

representation by one judge's father itself would cause every judge in the vicinage to have a bias or predisposition in the outcome is not enough.

A slender reed, but a reed nonetheless, might be a case in which a prominent attorney who regularly practices in the relevant division, or part of a division, is a party. Plaintiff has certified that he does not practice in the Family Part. Nothing in the record indicates a special relationship between the judges in the Family Part and plaintiff, or any other specific factor that would raise the suspicion that the entire bench would favor plaintiff because of his status in the legal community. Therefore, the judge properly denied the motion for change of venue, as "judges are not free to err on the side of caution" in venue matters, and caution would have been the only reason to grant the application. Marshall, 148 N.J. at 276.

## II.

Having found that plaintiff failed to demonstrate a prima facie case of changed circumstances sufficient to justify review of spousal support, the court should not have ordered discovery to be undertaken. Ordering discovery when a matter is concluded was an abuse of discretion that failed to accord with relevant precedent. See Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002).

Plaintiff's argument that the ruling effectively meant the order was not final, thus precluding defendant from this appeal, has no merit—it is the tail wagging the dog. Certainly, absent an order permitting an interlocutory appeal, Rule 2:4-1 limits appeals to applications from final judgments. Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 550 (App. Div. 2007) (citing R. 2:2-4; R. 2:5-6(a)).

The order here, however, was a final judgment, as plaintiff sought review of spousal support, and his motion was denied because he made no prima facie showing of changed circumstances. The court did not reschedule the matter, or otherwise indicate the matter remained open. Thus, there was no basis for additional discovery, which would have been proper had an action been pending. Landau v. Landau, 461 N.J. Super. 107, 108-09 (App. Div. 2019).

Plaintiff also asserts that discovery was necessary because defendant did not file a Case Information Statement (CIS). See R. 5:5-4. But there was no necessity for defendant to do so because Rule 5:5-4(a)(4) states the non-moving party need not file one until the movant "has demonstrated a prima facie showing of a substantial change in circumstances or that there is other good cause . . . ." Defendant was not obligated to file a CIS because plaintiff did not meet that burden.

A-2855-19

## III.

Finally, the judge rendered no findings with regard to defendant's request for counsel fees. He simply stated that "counsel fees and costs in connection with this application [are] hereby [denied]." Rule 1:7-4(a) states that "[t]he court shall, by opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable of right . . . ." Findings of fact and conclusions of law must be provided, among other reasons, in order to enable appellate review. See Giarusso v. Giarusso, 455 N.J. Super. 42, 53-54 (App. Div. 2018). In the entire absence of any analysis, the matter will be remanded for reconsideration of the issue, to include compliance with Rule 1:7-4(a). See Clarke v. Clarke ex rel. Costine, 359 N.J. Super. 562, 572 (2003) (citing R. 1:7-4).

Denial of the change of venue application is affirmed. The portion of the order permitting ongoing discovery is reversed. Denial of defendant's request for counsel fees is vacated, and the issue is remanded for reconsideration. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2855-19