**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5688-18T2

WELSH FAMILY HOLDINGS,
INC., EDWARD J. WELSH, III,
EDWARD J. WELSH, JR., and
WELSH K HOLDINGS CORP.,

     Plaintiffs-Respondents,

v.

GINA ADDEO, LISA ADDEO, and
GINA LISA LLC,

     Defendants-Appellants.

_____

Argued telephonically May 6, 2020 –
Decided May 26, 2020

Before Judges Fuentes, Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000077-19.

John K. Crossman (Zukerman Gore Brandeis & Crossman, LLP) of the New York bar, admitted pro hac vice, argued the cause for appellants (Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC, and John K.

Crossman, attorneys; Jan Alan Brody and John K. Crossman, on the briefs).

James M. McGovern, Jr. argued the cause for respondents (Davison, Eastman, Munoz, Paone, PA, attorneys; James M. McGovern, Jr. and Noah A. Schwartz, of counsel and on the brief).

PER CURIAM

Defendants Gina Addeo, Lisa Addeo, and Gina Lisa LLC appeal from an August 14, 2019 order, arguing the order compels arbitration and therefore is appealable as of right in accordance with Rule 2:2-3. Plaintiffs Welsh Family Holdings, Inc., Edward J. Welsh, III, Edward J. Welsh, Jr., and Welsh K Holdings Corp. contend the order on appeal is not final, and the appeal should be dismissed as interlocutory. We agree the order is not final and therefore dismiss the appeal as interlocutory.

We provide a brief overview of the facts. The parties entered into a written purchase agreement for the sale and purchase of several companies (Agreement). The Agreement set forth a mechanism for adjustment of the purchase price in accordance with a "true-up statement" prepared by an accounting firm familiar with the businesses being sold and purchased.

Instead of obtaining a true-up statement from the designated accounting firm, plaintiffs prepared their own true-up statement, which plaintiffs submitted

to defendants. Defendants ultimately learned the true-up statement had not been prepared by the designated accounting firm in accordance with the Agreement. As a result, defendants declined to continue participating in the purchase price adjustment process and declared plaintiffs to be in breach of the Agreement.

Plaintiffs filed a verified complaint and order to show cause in Chancery court seeking to compel defendants' participation in the purchase price adjustment process under the Agreement. The Chancery judge heard the parties' arguments on May 31, 2019. In an August 14, 2019 order, the judge ordered the parties to participate in the purchase price adjustment process consistent with their Agreement and established deadlines for completion of the various steps in that process. The judge also ordered defendants to file and serve their answer to the complaint by August 30, 2019.

Defendants filed a notice of appeal as of right on August 29, 2019. Plaintiffs moved to dismiss the appeal as interlocutory, which we denied in an October 4, 2019 order.[1] Defendants filed a motion with the Appellate Division

---

[1] "When the Appellate Division denies a motion to dismiss an appeal as interlocutory, the denial does not preclude either a challenge on the merits that the appeal should be dismissed, or the court, when appropriate, from dismissing the appeal as interlocutory." GMAC v. Pittella, 205 N.J. 572, 577 n.2 (2011) (citing Parker v. City of Trenton, 382 N.J. Super. 454, 458 (App. Div. 2006)).

A-5688-18T2

to stay the judge's August 14, 2019 order. In a November 1, 2019 order, we denied the requested stay, noting "[t]he trial court's order of August 14, 2019 is not an order compelling arbitration."

Against this factual and procedural background, we review defendants' appeal from the August 14, 2019 order to determine if it is an appealable order as of right. "Under Rule 2:2-3(a)(1), an appeal as of right may be taken to the Appellate Division only from a 'final judgment.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007) (quoting S.N. Golden Estates, Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)).

A final order for appeal purposes includes "any order either compelling arbitration, whether the action is dismissed or stayed, or denying arbitration[.]" R. 2:2-3(a). Nowhere in the August 14, 2019 order did the judge use the word "arbitration." None of the relief ordered by the judge compelled arbitration or denied a request to compel arbitration. Nor did the judge discuss compelling arbitration during his colloquy with counsel on the return date of plaintiffs' order to show cause.

If the order on appeal is not a final order, it is deemed interlocutory. Appeals from interlocutory orders are governed by Rule 2:2-4, which provides that "the Appellate Division may grant leave to appeal, in the interest of justice,

4

from an interlocutory order of a court." To receive permission for leave to appeal, a party must comply with Rule 2:5-6(a), which requires the filing of a notice of motion for leave to appeal within twenty days of service of the order. Defendants did not file a motion for leave to appeal the August 14, 2019 order.

Defendants argue the August 14, 2019 order compels arbitration and therefore is appealable as of right. We disagree. The order on appeal simply requires the parties to restart the process for a purchase price adjustment pursuant to the Agreement. Nothing in the August 14, 2019 order compels or denies arbitration. Absent the August 14, 2019 order being a final order in accordance with the Court Rules or, alternatively, defendants having filed a motion seeking leave to appeal that order, we lack jurisdiction to review the appeal at this time.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5688-18T2